**Robert O. GILMORE, Jr., Appellant,**

**v.**

**PEOPLE OF the STATE OF CALIFOR-NIA et al., Appellees.**

**No. 22478.**

United States Court of Appeals
Ninth Circuit.

Dec. 8, 1969.

Robert O. Gilmore, Jr., in pro. per.

Michael Buzzell, Robert R. Granucci, Deputy Attys. Gen., Thomas C. Lynch, Atty. Gen., State of California, San Francisco, Cal., for appellees.

Before MERRILL and DUNIWAY, Circuit Judges, and POWELL *, District Judge.

DUNIWAY, Circuit Judge:

This is the second appeal in this habeas corpus proceeding. Gilmore v. People, 9 Cir., 1966, 364 F.2d 916. We do not repeat the facts there stated. Our remand was for a hearing, "limited to those allegations that relate to the voluntary character of Gilmore's plea" of guilty.

On remand, the judge appointed counsel and held an evidentiary hearing. Gilmore testified in support of his allegations, and his trial counsel categorically denied them. The judge believed her in-

---

* Honorable Charles L. Powell, United States District Judge, Eastern District of Washington, sitting by designation.

stead of him, and denied relief. We affirm. The judge's conclusion is clearly justified by the evidence.

■ Gilmore also presents certain new arguments, based upon cases decided after our previous decision. First he claims that the California kidnapping statute (Calif.Pen.C. § 209) is unconstitutional, citing United States v. Jackson, 1968, 390 U.S. 570, 88 S.Ct. 1209, 20 L.Ed.2d 138. *Jackson* held the death penalty provisions of the federal kidnapping statute (18 U.S.C. § 1201(a)) invalid because only the jury could impose the extreme penalty. An accused who was willing to be tried by a court could not be sentenced to death, whereas an accused who insisted on his constitutional right to a jury trial faced the threat of execution. That is not the situation in which Gilmore found himself. The California kidnapping statute, although speaking of imposition of the death penalty "in the discretion of the jury," has been construed by the California Supreme Court as permitting imposition of death by either judge or jury. People v. Langdon, 1959, 52 Cal.2d 425, 341 P.2d 303. Thus, no unconstitutional burden was placed by California upon his right to trial by jury.

■ Second, Gilmore claims that the trial judge, in accepting his guilty plea, did not comply with the provisions of Rule 11, Federal Rules of Criminal Procedure, and that this rule should be considered binding on the states because of its constitutional underpinnings. No case has held that Rule 11 is binding on the states. We need not determine to what extent it is so binding, because the record shows that the trial judge did do what Rule 11, as it then read and was then interpreted (1961), would have required if it were applicable. The trial judge asked Gilmore if he was "familiar with the charges as contained in Count III and Count VII of the Second Amended Information?" Gilmore replied in the affirmative. Although the judge did not delve into the matter further, Gilmore's counsel testified at the hearing below that she had explained to him that he would be pleading guilty to robbery and rape in exchange for dismissal of the remaining counts, one of which could have carried the death penalty. She discussed with Gilmore the nature of the charges against him, and went over each amendment of the information with him. Although a defendant who pleads guilty must be made aware of the nature of the charges and of the possible penalties, the rule in 1961 was that such an explanation need not be by the court, but may be by the defendant's attorney. Munich v. United States, 9 Cir., 1964, 337 F.2d 356, 359.

■ In Heiden v. United States, 9 Cir., 1965, 353 F.2d 53, we held that a federal defendant must be allowed to replead when a judge does not himself determine that the plea was voluntary and understandingly made, even if a later hearing should show that the plea was in fact so made. But *Heiden* is a federal rule only, and even it applies only to pleas entered after its date of decision, in 1965. Castro v. United States, 9 Cir., 1968, 396 F.2d 345. The Supreme Court adopted the *Heiden* rule in 1969, McCarthy v. United States, 394 U.S. 459, 89 S.Ct. 1166, 22 L.Ed.2d 418, but expressly as a federal procedural rule, rather than as a constitutional requirement (*Id.* at 464, 89 S.Ct. 1166). And in Halliday v. United States, 1969, 394 U.S. 831, 89 S.Ct. 1498, 23 L.Ed.2d 16, the Court held that the *McCarthy* decision would apply in the federal courts only to guilty pleas accepted after April 2, 1969. (*Id.* at 833, 89 S.Ct. 1498.)

Gilmore's other arguments are foreclosed by our previous decision.

Affirmed.