**William Leon WALLACE, Jr., Petitioner-Appellant,**

v.

**UNITED STATES of America, Respondent-Appellee.**

No. 71–2758.

United States Court of Appeals, Ninth Circuit.

March 24, 1972.

Mark Susnow, of Susnow & Sullivan, San Francisco, Cal., for petitioner-appellant.

William C. Smitherman, U. S. Atty., W. O. Craft, Jr., Asst. U. S. Atty., Phoenix, Ariz., for respondent-appellee.

Before MERRILL, BROWNING, and WRIGHT, Circuit Judges.

PER CURIAM:

In 1961 appellant pleaded guilty to a charge of violating 18 U.S.C. § 912 (false impersonation of an officer or employee of the United States). Appellant was sentenced to three years' imprisonment, served his time, and was discharged. He is currently serving an unrelated sentence in the California prisons. In October 1971 he filed a motion pursuant to 28 U.S.C. § 2255 attacking his 1961 conviction. Since appellant has been discharged from federal custody, his motion is properly treated as a petition in *coram nobis*.

---

Relief was denied by the district court on the ground that the issue raised had been determined in an earlier petition. We affirm, but on another ground.

 1. Appellant's present petition contains only the bald assertion that he did not know or understand the consequences of his plea. While we do not require allegations in minute detail in post-conviction petitions, Wagner v. United States, 418 F.2d 618 (9th Cir. 1969), the bare statement of a legal conclusion will not suffice. Sanders v. United States, 373 U.S. 1, 19, 83 S.Ct. 1068, 10 L.Ed.2d 148 (1963). Appellant has not alleged sufficient particulars with respect to his competency at the time of the trial to suggest the presence of manifest injustice (Holloway v. United States, 393 F.2d 731, 732 (9th Cir. 1968); *see* United States v. Morgan, 346 U.S. 502, 74 S.Ct. 247, 98 L.Ed. 248 (1954) ), and to require an evidentiary hearing. As the court said in Dranow v. United States, 407 F.2d 47, 49 (8th Cir. 1969): "We have frequently held that a bald conclusion in the form of a self-serving statement by a petitioner that he was not mentally competent to stand trial does not entitle him to an evidentiary hearing on the mental competency issue." *See* Cascio v. United States, 429 F.2d 581, 582 (9th Cir. 1970); Meeks v. United States, 427 F.2d 881, 883 (9th Cir. 1970); Macon v. United States, 414 F.2d 1290, 1291–1292 (9th Cir. 1969); Peabody v. United States, 394 F.2d 175, 177 (9th Cir. 1968).

 2. Relying on the language of section 2255, the court below held that it was "not required to entertain successive petitions raising issues already ruled upon." Application of this rule to the present case was improper. A successive application raising the same issue contained in an earlier petition will be barred "only if (1) the same ground presented in the subsequent application was determined adversely to the applicant on the prior application, (2) the prior determination was on the merits, and (3) the ends of justice would not be served by reaching the merits of the subsequent application." Sanders v. United States, *supra*, 373 U.S. at 15, 83 S.Ct. at 1077. Since appellant did not have an evidentiary hearing on his earlier petition, denial was not "on the merits" of his claim. *Id.* at 16, 83 S.Ct. 1068.

Affirmed.