Emil TUCKER, Petitioner-Appellant,

v.

UNITED STATES of America,
Respondent-Appellee.

No. 72-1871.

United States Court of Appeals,
Ninth Circuit.

Oct. 10, 1972.

Emil Tucker, in pro. per.

William C. Smitherman, U. S. Atty.,
F. Michael Carroll, Asst. U. S. Atty.,
Phoenix, Ariz., for respondent-appellee.

Before MERRILL, CHOY and WAL-
LACE, Circuit Judges.

PER CURIAM:

Appellant's allegations that he was not
advised as to the consequences of his
guilty plea, and that he was unaware of
the Count II charges against him are
clearly refuted by the transcript of the
proceedings. Appellant was specifically
informed by the court that he could be
sentenced "for a period of five years in
prison, a $10,000 fine or both." He in-
dicated that he understood

The record also indicates that the trial
judge asked appellant whether he had
read the Count II charges, to which he
replied affirmatively. Furthermore, the
trial judge made an extensive inquiry as
to appellant's understanding of the
charges.

Appellant's strongest support for his
insistence that he was promised leniency
is presented in affidavits submitted by
his wife and son, taken one year after
sentencing, alleging that an agreement
was in fact entered into. But communi-
cations occurring between the Assistant
U.S. Attorney, appellant's counsel and
appellant, all occurring shortly after sen-
tencing, fail to mention or suggest any
promise of leniency, other than that ap-
pellant was to receive "an official gov-
ernment letter indicating [his] coopera-
tion."

The allegations cannot be described as
other than "vague" and "conclusionary."
Reed v. United States, 441 F.2d 569, 572
(9th Cir. 1971); Meeks v. United States,
427 F.2d 881, 883 (9th Cir. 1970). They
were properly refuted.

Affirmed.