William John WACHT,
Petitioner-Appellant,

v.

Harold J. CARDWELL and the Attorney General of the State of Arizona,
Respondent-Appellee.

No. 78–2258.

United States Court of Appeals,
Ninth Circuit.

Sept. 24, 1979.

---

Thomas G. Martin, Tucson, Ariz., on brief, for petitioner-appellant.

Robert S. Golden, Asst. Atty. Gen., Phoenix, Ariz., on brief, for respondent-appellee.

Before MERRILL and ANDERSON, Circuit Judges, and SKOPIL,* District Judge.

J. BLAINE ANDERSON, Circuit Judge:

Wacht appeals the denial of his habeas corpus petition. He claims that the state trial judge failed to inform him of his ineligibility for parole when he pled guilty. This, according to Wacht, means that his guilty plea was neither intelligently nor voluntarily made. We find that Wacht has failed to make sufficient factual allegations which would entitle him to any relief, and affirm the denial of his habeas petition.

On October 30, 1973, Wacht pled guilty to transportation of narcotics in violation of

Ar.Rev.Stat. § 36–1002.02. The penalty provisions of this statute provided for imprisonment for a term of five years to life. In addition, the statute provided that parole eligibility or other release had to await service of five full calendar years in prison.

It is undisputed that the state trial judge did not inform Wacht of his ineligibility for parole when he entered his guilty plea. Nonetheless, Wacht was informed that he could be sentenced from five years to life.

Initially, Wacht was not sentenced to a term of imprisonment, but instead was placed on probation.[1] On May 31, 1974, this probation was revoked because of Wacht's violation of a condition of his release. Wacht was then sentenced to a prison term of no less than five, nor more than six years.

After exhausting his state remedies, Wacht filed this writ of habeas corpus in federal district court under 28 U.S.C. §§ 2241, 2254. The court below dismissed Wacht's petition, but certified that probable cause existed for an appeal. Wacht filed a timely notice of appeal and this court has jurisdiction pursuant to 28 U.S.C. § 2253.

Wacht principally relies upon this court's decision in *Munich v. United States,* 337 F.2d 356 (9th Cir. 1964). In *Munich,* we held that when a federal defendant enters a guilty plea and is not aware that he will be ineligible for parole, then the plea is not made with the necessary understanding of its consequences. 337 F.2d at 361. Wacht has failed to satisfy his burden of pleading sufficient facts which could bring him within the *Munich* rule.

To be afforded a hearing in a § 2254 proceeding, the petitioner is required to allege facts with sufficient specificity to support his claim for relief.[2] The "Rules Gov-

---

* The Honorable Otto R. Skopil, Jr., Chief Judge for the United States District Court, District of Oregon, sitting by designation.

1. This included an eleven-month sentence in the county jail.

2. Bald assertions and conclusory allegations, such as are before the court in the present case,

do not support this type of collateral challenge to a guilty plea, nor do they afford sufficient grounds for an evidentiary hearing. *See Farrow v. United States,* 580 F.2d 1339, 1361–1362 (9th Cir., en banc, 1978); *Tucker v. United States,* 467 F.2d 1106 (9th Cir. 1972); *Wallace v. United States,* 457 F.2d 547, 548 (9th Cir. 1972); *Smith v. United States,* 454 F.2d 1330, 1332 (9th Cir. 1972); *Cascio v. United States,*

erning Section 2254 Cases" provide that the petition:

> " . . . shall specify all the grounds for relief which are available to the petitioner and of which he has or by the exercise of reasonable diligence should have knowledge and *shall set forth in summary form the facts supporting each of the grounds* thus specified." (emphasis added)

Rule 2(c), 28 U.S.C. foll. § 2254. Additionally, the Advisory Committee Note to these rules explains that:

> " '[N]otice' pleading is not sufficient, for the petition is expected to state facts that point to a 'real possibility of constitutional error.' "

28 U.S.C.A. § 2254, p. 1111; *Quoted approvingly in Blackledge v. Allison,* 431 U.S. 63, 75 n.7, 97 S.Ct. 1621, 52 L.Ed.2d 136 (1977).

Wacht failed to satisfy the specificity requirement of § 2254 pleadings or to show that there is a "real possibility" of constitutional error. In his petition, Wacht merely alleges that he " . . . was not informed of the consequences of his plea. . . ." Clerk's Record (C.R.) 2. In his supporting statement of background information, Wacht alleges that "the judge [who accepted his guilty plea] did not inform William John Wacht that he would be ineligible for release under any circumstances until he had served five (5) calendar years." C.R. 5. Wacht has done nothing more than claim that the trial judge failed to inform his about his parole ineligibility.[3]

 Wacht does not claim that his attorney failed to explain that he would be ineligible for parole. *Munich, supra,* 337 F.2d at 361. Nor does he make any claim that he was unaware of the fact that he would be ineligible for parole. *Id.* And more importantly, Wacht does not claim that he would not have pled guilty had he known about his possible ineligibility for parole. *United States v. Timmreck,* —— U.S. ——, ——, 99 S.Ct. 2085, 60 L.Ed.2d 634 (1979). In sum, he has failed to allege any facts which would in any way show that he was prejudiced or his rights in any way affected by this "technical" omission by the state trial judge. The present case is therefore distinguishable from *Munich.*[4]

AFFIRMED.

MERRILL, Circuit Judge, concurring:

I concur in the decision of the court.

In *United States v. Timmreck,* —— U.S. ——, 99 S.Ct. 2085, 60 L.Ed.2d 634 (1979), it was held that collateral relief from a guilty plea is not available when all that is shown is a failure to comply with the formal requirements of Rule 11, without a showing that the violation resulted in injury or harmful consequences to the pleader. The Court pointed out:

> "Respondent does not argue that he was actually unaware of the special parole term or that, if he had been properly advised by the trial judge, he would not have pleaded guilty. His only claim is of a technical violation of the rule."

—— U.S. at ——, 99 S.Ct. at 2087. To the same effect is *United States v. Salas,* 602 F.2d 215 (9th Cir. 1979).

---

429 F.2d 581, 582 (9th Cir. 1970); *Meeks v. United States,* 427 F.2d 881, 883 (9th Cir. 1970), *cert. denied,* 400 U.S. 881, 91 S.Ct. 126, 27 L.Ed.2d 120.

3. In his brief on appeal, Wacht does make the claim that he was never informed from *any source* about his ineligibility for parole. An allegation in an appellate brief does not substitute for the necessary pleadings in a § 2254 proceeding. Since this allegation was not before the district court, we do not consider it on appeal.

There are some other allegations appearing in his habeas petition by way of argument under his Memorandum of Points and Authorities. These argumentative assertions are no less conclusory.

4. We do not decide whether *Munich* applies to state court proceedings. *See Gilmore v. People of State of California,* 419 F.2d 379 (9th Cir. 1969), *cert. denied,* 397 U.S. 1078, 90 S.Ct. 1529, 25 L.Ed.2d 814, and *compare Boykin v. Alabama,* 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969), *with McCarthy v. United States,* 394 U.S. 459, 89 S.Ct. 1166, 22 L.Ed.2d 418 (1969). We also do not decide whether *Timmreck* in any way limits or overrules *Munich.*

As I view the record it does sufficiently appear that Wacht did not know of his ineligibility for parole. What is still lacking, however, is a showing that had he known of his ineligibility for parole he would not have pleaded guilty. This is not implicit from the facts of this case. Here, contrary to the usual statutory ineligibility, under Arizona law probation was available to petitioner, and following his guilty plea he was first placed on probation. His sentence was imposed only after he had violated probation. This raises some doubt as to whether, faced with the possibility of probation (apparently a very real possibility), he would nevertheless have chosen not to plead guilty had he known that parole was not available.

I conclude that prejudice has not been sufficiently shown to satisfy the requirements of *Timmreck*, and that we are here faced with a mere technical violation of the rule.