**Richard O.J. MAYBERRY, Appellant,**

v.

**George PETSOCK, Superintendent.**

**No. 85–3537.**

United States Court of Appeals, Third Circuit.

Submitted Under Third Circuit Rule 12(6) May 18, 1987.

Decided June 15, 1987.

Rehearing and Rehearing In Banc Denied July 9, 1987.

---

Richard O.J. Mayberry, pro se [*].

Robert E. Colville, Dist. Atty., Kenneth J. Benson, Asst. Dist. Atty., Office of the Dist. Atty., Pittsburgh, Pa., for appellee.

Before SLOVITER, BECKER and GARTH, Circuit Judges.

## OPINION OF THE COURT

SLOVITER, Circuit Judge.

### I.

### *Facts*

Petitioner Richard O.J. Mayberry appeals from an order of the District Court for the Western District of Pennsylvania dismissing his petition for a writ of habeas corpus for failure to exhaust state remedies. An examination of the lengthy procedural history of this case is necessary to our disposition of this appeal.

On December 9, 1966, following a tumultuous trial in state court in Allegheny County, Pennsylvania, petitioner Mayberry and two co-defendants, Dominick Codispoti and Herbert Langnes, were found guilty by a jury of prison breach and holding hostages in a penal institution, based on acts which occurred while they were Pennsylvania state prisoners. On the day of sentencing, December 12, 1966, Mayberry filed a motion for a new trial which alleged thirty-nine grounds of error. *See* App. at 158–162. Although Pennsylvania rules of criminal procedure have been interpreted to require that post-verdict motions be decided before sentencing, Pa.R.Crim.P. 1123 (comment); *Commonwealth v. Webster*, 466 Pa. 314, 353 A.2d 372, 373 (1975), the trial judge, Judge Fiok, proceeded to sentence Mayberry without ruling on his post-trial motion. Mayberry was sentenced to consecutive terms of imprisonment of fifteen

to thirty years for hostage holding and five to ten years for prison breach. On the same day, Judge Fiok found Mayberry guilty of eleven counts of criminal contempt of court for his conduct during the trial.[1] Mayberry was sentenced to consecutive terms of imprisonment of eleven to twenty-two years on the contempt charges. The contempt charges were the subject of numerous appeals and are not at issue in the current petition for a writ of habeas corpus.

In addition to his new trial motion filed in the trial court, Mayberry filed a timely appeal on January 12, 1967 to the Pennsylvania Superior Court of his convictions and sentences for prison breach and hostage holding. The record indicates that following the filing of his appeal in January 1967, Mayberry filed seven petitions for continuances in his appeal pending before the Superior Court, the last one granted March 25, 1970, and continuing the appeal until November 1970. App. at 167. In each of the five petitions for continuance that Mayberry included in his appendix, there is reference to the pending undecided new trial motion, and all but one petition requested that a continuance be granted in order to allow the new trial motion to be decided before the appeal was decided. App. at 89–112. The Commonwealth did not object to any of the continuances. On November 13, 1970, apparently after the period covered by the last petition for continuance, the Superior Court entered a judgment of non pros on the appeals. No reference to the petitions for continuance or to the pending new trial motion was made in the judgment of non pros. App. at 114–15.

On December 7, 1970, Mayberry filed a petition with the Superior Court to remove the judgment of non pros. The petition alleged that by placing him in solitary confinement and denying him access to legal papers, the state prison authorities interfered with and obstructed his attempt to

---

[*] A brief for appellant was filed by Thomas J. Michael, Pittsburgh, Pa., court appointed counsel. Counsel's unopposed motion to withdraw thereafter was granted.

1. We have previously described the outrageous conduct of Mayberry and his co-defendants during the course of the trial. *See Codispoti v. Howard*, 589 F.2d 135, 137–38 (3d Cir.1978).

file a brief or a new petition for a continuance of the pending appeal. App. at 120–21. Mayberry's petition also stated that his post trial motions had not yet been decided. App. at 119. By letter dated January 27, 1971, from Assistant District Attorney Carol Mary Los (now Judge Mansmann of this court), Mayberry was informed that the Commonwealth had no objection to the removal of the non pros judgment. App. at 80–81. The Superior Court took no action on Mayberry's petition to remove the judgment of non pros for four years until, on March 12, 1975, it denied the petition without an opinion. App. at 115.

The Commonwealth asserts that Mayberry's post-trial motions were resolved by an order signed by Judge Fiok on January 27, 1975. The order pointed to by the Commonwealth is titled "Order of Court Nunc Pro Tunc", states that an earlier Order entered on December 29, 1967 "has become lost or misplaced", and denies the "respective motions" of Mayberry and his co-defendants nunc pro tunc to December 29, 1967. App. at 30–31. Mayberry contends that the nunc pro tunc order was never docketed in the Pennsylvania courts and that he never received a copy of the order.

Mayberry also avers in his habeas corpus petition that he filed a petition with the Pennsylvania trial court for post-conviction relief on October 9, 1970. The purported petition alleges that Mayberry was prevented by prison officials from pursuing his appeal, that he was prevented from communicating with his attorney, and that he was being prevented by prison officials from proceeding with his new trial motion. App. at 169–74. The Commonwealth asserts that the post-conviction petition was never filed with the Pennsylvania courts.

Mayberry filed a petition for habeas corpus on October 23, 1984 in the United States District Court for the Western District of Pennsylvania alleging five grounds for relief: denial of his due process rights caused by the delay of the trial court in failing to rule on his new trial motion and in failing to rule on his post-conviction petition; denial of his due process rights because the trial court's failure to rule on the new trial motion and post-conviction petition obstructed his right to appeal; denial of due process by the trial court's sentencing him prior to ruling on the new trial motion; denial of due process based on the thirty-nine grounds for error alleged in his post-trial motion filed in state court; and denial of due process by state officials' obstruction of his right to appeal. App. at 9–10. Mayberry's habeas petition acknowledges that the allegations of unconstitutional delay in ruling on his new trial motion and post-conviction petition and sentencing prior to ruling on the new trial motion claims have not previously been presented to the Pennsylvania courts. He alleges, however, that he has "no available remedy in the state courts." App. at 9.

The petition for habeas corpus was referred to a magistrate who recommended that the petition be dismissed for failure to exhaust state remedies. The magistrate stated, "there is no doubt that on January 29, 1975, the Court of Common Pleas entered an order in which it held that the order of December 29, 1967 had been lost or misplaced, and directed that the motion for a new trial be denied as of December 29, 1967." App. at 48. The magistrate concluded that because Mayberry had not appealed that decision, he had failed to exhaust his state remedies. App. at 48–50. With respect to the post-conviction petition, the magistrate credited the Commonwealth's assertion that no petition was ever filed, and concluded that "even if this were not the case, the fact that almost fifteen years has elapsed since Mayberry alleges he filed the petition, and the fact that the petitioner has not attempted to have the matter resolved, defies belief where an individual such as Mayberry who has extensive experience in the judicial system is the principal litigant." App. at 50. The district court adopted the magistrate's Report and Recommendation and dismissed Mayberry's petition. App. at 64.

## II.

### *Exhaustion*

■ As a general rule, a state prisoner must exhaust state remedies before filing a

petition for habeas corpus in federal court. 28 U.S.C. § 2254(b)-(c); *Rose v. Lundy,* 455 U.S. 509, 515–20, 102 S.Ct. 1198, 1201–04, 71 L.Ed.2d 379 (1982); *Santana v. Fenton,* 685 F.2d 71, 73 (3d Cir.1982), *cert. denied,* 459 U.S. 1115, 103 S.Ct. 750, 74 L.Ed.2d 968 (1983). The requirement is not a mere formality. It serves the interests of comity between the federal and state systems by allowing the state an initial opportunity to determine and correct any violations of a prisoner's federal rights. *Picard v. Connor,* 404 U.S. 270, 275, 92 S.Ct. 509, 512, 30 L.Ed.2d 438 (1971). An exception, however, is made where the petitioner has no opportunity to obtain redress in the state court or where the state corrective process is so deficient as to render any effort to obtain relief futile. *Duckworth v. Serrano,* 454 U.S. 1, 3, 102 S.Ct. 18, 19, 70 L.Ed.2d 1 (1981) (per curiam); *see also* 28 U.S.C. § 2254(b). Mayberry alleges that this exception applies to his petition.

In finding that Mayberry failed to exhaust, the magistrate relied on the undisputed fact that Mayberry failed to appeal the nunc pro tunc order of January 29, 1975 denying his new trial motion. Mayberry argues that he could not have appealed from the order denying his new trial motion because neither the order purportedly signed on December 29, 1967 nor the nunc pro tunc order of January 29, 1975 was in fact filed. Mayberry points to the letter from then Assistant District Attorney Carol Mary Los (now Judge Mansmann) dated January 27, 1971, stating that she had been informed by the Clerk of Court's office that it could not find any record of the disposition of Mayberry's post-trial motions. App. at 80. Mayberry argues that this letter proves that no order was ever entered in 1967, and that this casts doubt on the 1975 nunc pro tunc order generally. Mayberry argues that the nunc pro tunc order was never docketed in the state courts and that he never received a copy of the order and thus, that he could not have appealed from it.

■ We note that the district court made no determination that Mayberry's motion for a new trial was denied on De-

cember 29, 1967, as the state court's order states and as the Commonwealth argued in the district court. The Commonwealth produced no contemporaneous evidence showing entry of such an order. It does not appear on the trial court docket. App. at 116a. Nonetheless, it is irrelevant whether the new trial motion was denied in 1967 if the nunc pro tunc order was filed in 1975 and Mayberry failed to perfect his appeal therefrom. We agree with the Commonwealth that the "Order of Court Nunc Pro Tunc" which is reproduced in the appendix and which is stamped "Received January 30, 1975" by the Chief Minute Clerk Criminal Division in the Court of Common Pleas of Allegheny County is indisputable evidence of the filing of such an order. App. at 31. Moreover the notation "Copies sent" on the order at least places upon Mayberry the burden of proving that a copy was not sent to him.

■ Mayberry argues that a statement in a footnote of this court's opinion in *Codispoti v. Howard,* 589 F.2d at 138 n. 5, suggests otherwise. In that case, we reviewed the procedural history relating to Mayberry's co-defendant, Codispoti, and concluded that Codispoti's new trial motion had not been disposed of by the time of our decision in that case. We referred to a letter to Codispoti from the Allegheny County Clerk of Courts dated August 6, 1975 (several months after the nunc pro tunc order), which stated that no disposition had yet been made of Codispoti's new trial motion. *Id.* at 138 n. 5. However, there is no suggestion in *Codispoti* that the Commonwealth argued there, as it does here, that Codispoti's new trial motion was disposed of by the nunc pro tunc order. The statement in *Codispoti,* standing alone, is insufficient to overcome the "presumption of regularity" accorded state court proceedings. *See Johnson v. Zerbst,* 304 U.S. 458, 468, 58 S.Ct. 1019, 1024, 82 L.Ed.2d 1461 (1938); *United States ex rel. McCloud v. Rundle,* 402 F.2d 853, 857 (3d Cir.1968), *cert. denied,* 398 U.S. 929, 90 S.Ct. 1822, 26 L.Ed.2d 92 (1970). *See also Ford v. Strickland,* 696 F.2d 804, 811 (11th Cir.), *cert. denied,* 464 U.S. 865, 104 S.Ct. 201, 78 L.Ed.2d 176 (1983). Accordingly,

Mayberry's failure to appeal from the nunc pro tunc order denying his new trial motion and his failure to appeal from the Superior Court's denial of his petition to remove the judgment of non pros in his direct appeal[2] would constitute a failure to exhaust state remedies which would bar habeas relief unless Mayberry can show that he was excused from exhaustion.

## III.

### *Allegations of State Obstruction*

■ Mayberry sought to make such a showing by claiming in the district court that he was obstructed by state officials from pursuing his appeal. App. at 9. The Supreme Court has suggested, without elaboration, that failure to exhaust state remedies will not bar federal habeas corpus review where state officials have interfered with a habeas petitioner's utilization of state remedies. In *Brown v. Allen,* 344 U.S. 443, 73 S.Ct. 397, 97 L.Ed. 469 (1953), the Court so stated first in discussing the petitioners' failure to appeal ("Of course, federal habeas corpus is allowed where time has expired without appeal when the prisoner is detained without opportunity to appeal because of lack of counsel, incapacity, *or some interference by officials." Id.* at 485–86, 73 S.Ct. at 422 (emphasis added)), and then in discussing the petitioners' failure to use the state's remedy for collateral relief ("A failure to use a state's available remedy, *in the absence of some interference* or incapacity, such as is referred to [in cases involving denial of counsel], bars federal habeas corpus." *Id.* at 487, 73 S.Ct. at 422 (emphasis added)). The Court also suggested last term that "some interference by officials" which "made compliance impractical" would constitute cause, under the cause and prejudice standard to excuse procedural default. *Murray v. Carrier,* 477 U.S. 478, 106 S.Ct. 2639, 2646, 91 L.Ed.2d 397 (1986) (citing *Brown v. Allen,* 344 U.S. at 486, 73 S.Ct. at 422).

Although several circuits have acknowledged that such "interference" by officials would be a basis for excusing exhaustion of state remedies, *see Litchfield v. Tinsley,* 281 F.2d 486, 488 (10th Cir.1960), *State v. Gladden,* 240 F.2d 910, 911–12 (9th Cir. 1957), we have found only one case where a federal court actually proceeded to consider the merits of a state prisoner's unexhausted claim after finding that it was "the policy of the State administrative authorities to refuse prisoners the right to send petitions to any court." *United States ex rel. Bongiorno v. Ragen,* 54 F.Supp. 973, 976 (N.D.Ill.1944), *aff'd,* 146 F.2d 349 (7th Cir.), *cert. denied,* 325 U.S. 865, 65 S.Ct. 1194, 89 L.Ed. 1985 (1945). We agree that if a prisoner could establish that the activities of the state authorities made the prisoner's resort to the state procedures in effect unavailable, exhaustion would be excused.

Mayberry's petition for a writ of habeas corpus asserts that he did not appeal from the denial of his petition to lift the non pros judgment because "Prison officials obstructed and prevented me from filing appeal briefs and held me incommunicado, and stole my records and files while transferring me from one solitary confinement cell to another all over Pennsylvania." App. at 9. In the post-conviction petition, which the Commonwealth contends was never filed in state court, Mayberry alleges that "The authorities at the state prison at Huntingdon obstruct me in my right to appeal my convictions by holding me incommunicado from my attorney, withholding my personal legal papers and correspondence." App. at 171. Mayberry's petition for habeas corpus alleges as a ground for relief "denial of my right to due process of law by state officials obstruction of my right to appeal as set forth in my post-conviction petition." App. at 10. Mayberry argued in his Memorandum of Law filed in

**2.** The magistrate mentioned, but does not appear to have relied on, Mayberry's failure to appeal to the Pennsylvania Supreme Court from the Superior Court's denial of his motion to lift the non pros. Had Mayberry appealed or filed a petition for allocatur to the Pennsylvania Supreme Court alleging the same constitutional violations that he alleged in his petition in the Superior Court, he would have exhausted his state remedies. *See Chaussard v. Fulcomer,* 816 F.2d 925, 928 (3d Cir.1987).

support of his petition filed in the district court that his direct appeal was obstructed "by the prison authorities holding [me] incommunicado and denying [me my] right of access to the courts." App. at 180. Similarly, Mayberry alleged in his motion for discovery, not ruled on by the district court, that "the prison authorities at the Western Penitentiary, the State Prison at Huntingdon, the State Prison at Dallas, ... have obstructed petitioner's right of appeal." App. at 193. In response to the Commonwealth's motion to dismiss Mayberry's petition as a delayed petition under Rule 9(a) of the Rules Governing Habeas Corpus cases, Mayberry pointed to "the action of the prison authorities at Western Penitentiary and in the Bureau of Correction of Pa., in confiscating my legal papers and law books, holding me incommunicado, denying me access to the courts, transferring me from one solitary confinement cell to another in prisons all over Pennsylvania, and stealing my records and files." App. at 38.[3]

## IV.

### Sufficiency of Allegations

We will assume arguendo that if Mayberry could establish the facts alleged, this would excuse exhaustion. We must decide whether these allegations, many made under penalty of perjury, entitled Mayberry to a hearing, or at least to the discovery he sought in the district court.

■■■■ As a general rule in dealing with the merits of a petition for habeas corpus, where there are material facts in dispute which if proven would entitle a petitioner to relief and the petitioner has not been afforded a full and fair evidentiary hearing in state court, either at the time of trial or in a collateral proceeding, a federal habeas court must hold an evidentiary hearing. *Townsend v. Sain,* 372 U.S. 293, 312–13, 83 S.Ct. 745, 756–57, 9 L.Ed.2d 770 (1963); *Bibby v. Tard,* 741 F.2d 26, 30 (3d Cir.

1984). However, "[t]his is not to say that every set of allegations not on its face without merit entitles a habeas corpus petitioner to an evidentiary hearing." *Blackledge v. Allison,* 431 U.S. 63, 80, 97 S.Ct. 1621, 1632, 52 L.Ed.2d 136 (1977). Just as bald assertions and conclusory allegations do not afford a sufficient ground for an evidentiary hearing, *see Wacht v. Cardwell,* 604 F.2d 1245, 1246 n. 2 (9th Cir. 1979), neither do they provide a basis for imposing upon the state the burden of responding in discovery to every habeas petitioner who chooses to seek such discovery. Under Rule 6(a) of the Rules Governing Habeas Corpus Cases Under § 2254 the district court has discretion to decide the extent to which discovery is appropriate. The Advisory Committee Note to Rule 6 makes clear that prior court approval is required to prevent abuse. Moreover, Rule 2(c) of the Rules Governing Habeas Corpus Cases expressly provides in part that the petitioner "shall set forth in summary form *the facts* supporting each of the grounds" specified in the petition. (emphasis added). Thus, notice pleading is not countenanced in habeas petitions. *See Blackledge,* 431 U.S. at 75 & n. 7, 97 S.Ct. at 1629 & n. 7 (quoting Advisory Committee Note to Rule 4). Unless the petition itself passes scrutiny, there would be no basis to require the state to respond to discovery requests. *See* Rule 4 of the Rules Governing Habeas Corpus Cases ("If it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court, the judge shall make an order for its summary dismissal").

These rules and the judicial interpretation thereof have developed in the context of determinations made on the merits of a habeas petition rather than on whether non-exhaustion can be excused. We see no reason why allegations on the latter issue should be governed by any lesser standard than allegations on the merits. Just as

---

**3.** Although not necessarily bearing on Mayberry's attempts to pursue his appeals after the denial of his new trial motion and petition to remove the judgment of non pros in 1975, we note that Mayberry repeatedly asserted in his petitions for continuance of his appeal in the Superior Court and his petition to remove the judgment of non pros that he was being obstructed by state officials from pursuing his appeals. App. at 108, 112–13, 120.

"[h]abeas corpus is not a general form of relief for those who seek to explore their case in search of its existence," *Aubut v. State of Maine*, 431 F.2d 688, 689 (1st Cir.1970), so also discovery and an evidentiary hearing should not be available to a habeas petitioner who claims relief from the exhaustion rule unless the petitioner sets forth facts with sufficient specificity that the district court may be able, by examination of the allegations and the response, if any, to determine if further proceedings are appropriate. *See generally Blackledge v. Allison*, 431 U.S. at 81–82 & n. 25, 97 S.Ct. at 1632–33 & n. 25 (citing *Moorhead v. United States*, 456 F.2d 992, 996 (3d Cir.1972)).

■ In this case, the record indicates that the Commonwealth did not respond in the district court to Mayberry's allegation in the petition that he was obstructed from pursuing his appeal.[4] Moreover, the district court did not address Mayberry's ostensible excuse for failure to exhaust and hence it never considered whether Mayberry's allegations of obstruction as an excuse for non-exhaustion were sufficiently specific to warrant discovery and/or an evidentiary hearing. We hold that this was error. While a district court may ultimately decide that a petitioner's allegations of obstruction are not sufficient to create an issue of fact of obstruction as an excuse for failure to exhaust, the court should not ignore such allegations altogether.

Although we could remand for consideration of the allegations of obstruction, since the record before us contains the petition and supporting papers filed in the district court, it will be more efficient if we review them to determine their sufficiency. In

this connection, we note in passing that the Commonwealth which answered Mayberry's attorney's brief chose not to respond in this court to Mayberry's pro se brief, filed after his attorney withdrew, in which the allegations of obstruction are made. Thus, this record contains no response by the Commonwealth either in the district court or here to Mayberry's allegations of obstruction by state officials. Our decision to address the issue does not signify approval of the Commonwealth's failure to provide us with assistance.

In Mayberry's habeas petition, his allegations of state obstruction are vague and general. For example, although he contends that the state officials withheld his legal papers, he does not state who withheld such papers, when and where they were withheld, whether those papers consisted of putative appeal papers, or whether they were incoming papers to which he was not given access. Similarly he contends that state officials refused to allow him to prepare or file appeal briefs. Again he states nothing with respect to the identity of the person or persons, and more particularly when this conduct took place. The timing is of particular relevance. All of Mayberry's exhibits, such as the affidavits of other prisoners, are dated in 1970. Since these were years before the January 29, 1975 nunc pro tunc order, even if they could be viewed as providing some support for his allegations of obstruction, an issue we do not reach, they provide no support for any allegations of obstruction from the dates in 1975 when Mayberry would have been required to appeal from the nunc pro tunc order and from the Superior Court's order refusing to lift the judgment of non pros in his direct appeal.[5] Mayberry's alle-

---

4. The Commonwealth's answer to Mayberry's petition states that Mayberry alleged only four grounds as bases for relief. App. at 17–18. It does not mention the fifth ground alleged by Mayberry, "Denial of my right to due process of law by state officials obstruction of my right to appeal as set forth in my postconviction petition." App. at 10. Nor does the Commonwealth's answer respond to Mayberry's explanation for his failure to appeal the adverse action on his petition to remove the judgment of non pros that, "prison officials obstructed and prevented me from filing appeal briefs and held me

incommunicado and stole my records and files while transferring me from one solitary confinement cell to another all over Pennsylvania." App. at 9.

5. Some of the material included in Mayberry's appendix, which was allegedly attached to various petitions, is of questionable legitimacy. For example, he included as Exhibit 1 to his petition to the Superior Court to remove the judgment of non pros, "a photocopy of a letter dated November 10, 1970 written by the Honorable Frederick B. Smillie to the Secretary of Welfare of Penn-

gations that he has been moved in response to the filing of the habeas petition are similarly irrelevant to the issue of his failure to exhaust by appealing from the nunc pro tunc order entered January 29, 1975.

In short, neither Mayberry's allegations of state obstruction nor the material in the appendix makes a sufficient showing on the exhaustion issue to warrant a court to direct the state to respond to Mayberry's request for discovery or to embark on an evidentiary hearing. Therefore, although the district court failed to consider the issue, we hold that the district court did not err in its ultimate disposition dismissing Mayberry's petition for failure to exhaust.[6]

## V.

### Conclusion

In summary, Mayberry failed to exhaust state remedies in that he failed to appeal from the nunc pro tunc order of January 29, 1975 denying his new trial motion or from the Superior Court's denial of his petition to remove the judgment of non pros in his direct appeal. We hold that a habeas petitioner may be excused from exhausting state remedies by showing that obstruction by state officials prevented pursuit of those remedies. We also hold, however, that the allegations of exhaustion must be at least as specific with respect to the facts allegedly excusing exhaustion as is required for allegations alleging constitutional deprivation as the basis for the

habeas petition. Mayberry's allegations of obstruction do not rise to the necessary level and for the reasons set forth above, we will affirm the district court's order of dismissal.

---

sylvania." *See* App. at 121. We note, however, that this alleged "photocopy" does not contain any letterhead or signature. *See* App. at 125A. Even if we were to assume that the letter was legitimate, its date makes it irrelevant for consideration for the purpose of our inquiry, i.e. failure to exhaust after January 29, 1975.

6. We need not reach the dispute between Mayberry and the Commonwealth over whether a post-conviction petition for relief was filed. The magistrate's report states, "despite the petitioner's allegations to the contrary, the records of the Clerk of the Common Pleas Court, do not contain any showing that a post-conviction [petition] was ever filed by the petitioner," App. at 50. Even if Mayberry had filed a post-conviction petition in 1970, as he alleges, the state court's failure to rule on that could not excuse

Mayberry from failing to appeal from the 1975 nunc pro tunc order. Because Mayberry's allegations with respect to state obstruction vis-a-vis his alleged post-conviction petition are no more specific than the similar allegations regarding his failure to appeal the other orders, his filing of such a petition vel non would not affect the disposition of this appeal.

We have considered and rejected, either on the merits or as not relevant, all the remaining arguments raised in Mayberry's brief. We note however that Mayberry's contention that the district court erred in failing to permit him to expand the record is moot, since we have reviewed all of the items included in his pro se appendix in the course of our de novo consideration.