946 F.2d 899
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
James RAMIREZ, Petitioner-Appellant,
v.
Samuel A. LEWIS, et al., Respondents-Appellees.
 No. 90-16353.
 United States Court of Appeals, Ninth Circuit.
 Submitted Oct. 4, 1991.*
Decided Oct. 9, 1991.
 
 Before HUG, WILLIAM A NORRIS and BRUNETTI, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 James Ramirez, an Arizona state prisoner, appeals pro se the district court's dismissal of his 28 U.S.C. § 2254 habeas corpus petition. We review de novo, Norris v. Risley, 878 F.2d 1178, 1180 (9th Cir.1989), and we affirm.
 
 
 3
 In May 1987, Ramirez filed his first federal habeas petition and alleged that he received ineffective assistance from his trial counsel. In January 1990, this court affirmed the district court's dismissal of the first petition. In July 1990, Ramirez filed a second federal habeas petition, the subject of this appeal.
 
 
 4
 Ramirez raised four claims in his second habeas petition: (1) the federal courts denied his first habeas petition without applying the correct standard to determine if the evidence was sufficient to support his conviction; (2) he received ineffective assistance from his appellate counsel; (3) he was denied due process because he did not receive an evidentiary hearing on his first federal habeas petition; and (4) the Arizona Department of Correction's failure to sequester inmates who have the AIDS virus violates his eighth amendment right against cruel and unusual punishment. The district court dismissed the petition sua sponte.
 
 
 5
 A district court may dismiss a habeas petition without serving it on the respondents if it "plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief." Rule 4, Rules Governing Section 2254 Cases, 28 U.S.C. foll. § 2254.
 
 
 6
 Here, the district court did not err in dismissing Ramirez's habeas petition sua sponte. Ramirez's first and third claims, which challenge this court's decision on his first habeas petition, are not cognizable under section 2254. See Middleton v. Cupp, 768 F.2d 1083, 1085 (9th Cir.1985) (a state prisoner is entitled to habeas relief only when there is a transgression of federal law in the state court proceedings) (citation omitted), cert. denied, 478 U.S. 1021 (1986).[1]
 
 
 7
 Ramirez's second claim, that he received ineffective assistance of counsel in his state court appeal, also lacks merit.[2] Ramirez alleges only that his attorney "failed to present all issues of law and fact in petitioner's defense of case." These allegations are insufficient to support an ineffective assistance of counsel claim. See Strickland v. Washington, 466 U.S. 668, 687 (1984) (deficient performance is demonstrated only if the attorney "made errors so serious that the counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment"); Jones v. Barnes, 463 U.S. 745, 754 (1983) (defense counsel does not have a duty to raise every colorable claim suggested by a client); see also Wacht v. Cardwell, 604 F.2d 1245, 1247 (9th Cir.1979) (state habeas petitioner must allege facts that show a " 'real possibility' of constitutional error").
 
 
 8
 Finally, Ramirez's claim that the failure to sequester inmates who have the AIDS virus from the general prison population violates his eighth amendment rights is not cognizable in a section 2254 habeas petition. See Preiser v. Rodriguez, 411 U.S. 475, 499 (1973) ("a [42 U.S.C.] § 1983 action is a proper remedy for a state prisoner who is making a constitutional challenge to the conditions of his prison life, but not to the fact or length of his custody").[3]
 
 
 9
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Moreover, in his first habeas petition, Ramirez challenged the effectiveness of his trial counsel, not the sufficiency of the evidence supporting his conviction. This court reviewed the evidence against him and found it to be "quite strong." See Ramirez v. Gasper, No. 88-2759 (unpublished order) (9th Cir. Jan. 5, 1990)
 
 
 [2]
 In his habeas petition, Ramirez stated that he had never presented this claim to the Arizona courts. Therefore, he has failed to exhaust state remedies. Nevertheless, the district court addressed this claim on the merits. Because Ramirez's ineffective assistance claim lacks merit, we will not send him back to state court to try to present it. See Granberry v. Greer, 481 U.S. 129, 134-35 (1987) (if the claims presented in a habeas petition are meritless, this court may determine that the interests of comity and federalism would not be served by requiring exhaustion of state remedies); Clark v. Ricketts, No. 87-2560, slip op. 12125, 12135-37 (9th Cir. Aug. 28, 1991) (federal courts may deny frivolous claims without requiring exhaustion of state remedies)
 
 
 [3]
 Because the district court did not reach the merits, the dismissal of this claim is without prejudice to Ramirez's right to seek relief in a 42 U.S.C. § 1983 action. Nevertheless, to state a claim under section 1983, a prisoner claiming that prison conditions violate the eighth amendment must demonstrate that prison officials were deliberately indifferent to the allegedly unconstitutional conditions. Wilson v. Seiter, 111 S.Ct. 2321, 2326 (1991). Moreover, the mere presence of inmates who have the AIDS virus in the general prison population does not violate the eighth amendment. See Glick v. Henderson, 855 F.2d 536, 539 (8th Cir.1988)