**Darrell L. ADAMS, Petitioner—Appellant,**

v.

**Gail LEWIS, Respondent—Appellee.**

No. 99–15664.

D.C. No. CV–97–05150–OWW.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted July 12, 2001.

Decided Feb. 5, 2002.

Before CANBY, HAWKINS, and
GOULD, Circuit Judges.

## MEMORANDUM *

Darrell Adams, a California state prisoner, appeals the district court's denial of his 28 U.S.C. § 2254 habeas corpus petition. Adams's petition challenges his convictions for attempted murder, use of a firearm, felon in possession of a firearm, and enhancements. Adams contends that the district court erred by denying his claims of ineffective assistance of counsel, instructional error, and prosecutorial misconduct, and by failing to grant an evidentiary hearing on his ineffectiveness claim for failure to investigate. We have jurisdiction under 28 U.S.C. §§ 1291 and 2253, and we affirm.

### I.

The district court did not err in failing to conduct an evidentiary hearing on Adams's claim of ineffective assistance of trial counsel. Before AEDPA, "[a] habeas petitioner [was] entitled to an evidentiary hearing on a claim if '(1) the petitioner's allegations, if proved, would entitle him to relief, and (2) the state court trier of fact [had] not, after a full and fair hearing, reliably found the relevant facts.'" *Hendricks v. Vasquez,* 974 F.2d 1099, 1103 (9th Cir.1992) (citation omitted); *accord Jones v. Wood,* 114 F.3d 1002, 1010 (9th Cir. 1997). Because we conclude that Adams has failed to meet this pre-AEDPA standard, we do not decide whether an evidentiary hearing is precluded by 28 U.S.C. § 2254(e)(2), which applies a more strin-

gent standard for petitioners who fail to develop the factual basis of their claims in state court. *See Williams v. Taylor,* 529 U.S. 420, 429–37, 120 S.Ct. 1479, 146 L.Ed.2d 435 (2000); *Baja v. Ducharme,* 187 F.3d 1075, 1077–79 (9th Cir.1999).

■ An evidentiary hearing is not warranted here because Adams has not established a colorable claim of ineffective assistance. To establish ineffective assistance of trial counsel, Adams must show that his counsel's performance was deficient and that this deficient performance prejudiced his defense. *Strickland v. Washington,* 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). Adams claims that his counsel ineffectively assisted him when he failed to investigate certain witnesses. "[C]ounsel has a duty to make reasonable investigations or to make a reasonable decision that makes particular investigations unnecessary." *Id.* at 691. We need not decide whether Adams's counsel was deficient in this regard, because Adams has failed to demonstrate that he was prejudiced by the purported failure to question the potential witnesses.

Even accepting Adams's version of what the witnesses might say,[1] the evidence is not clearly exculpatory and does not create "a reasonable probability that, absent the errors, the factfinder would have had a reasonable doubt respecting guilt," particularly in light of the eyewitness identification of Adams by the shooting victim. *Strickland,* 466 U.S. at 695. Neither

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

1. Adams's failure to provide statements from any of the witnesses who allegedly might be helpful undermines his argument that he is entitled to an evidentiary hearing. *See Wacht v. Cardwell,* 604 F.2d 1245, 1246 n. 2 (9th Cir.1979) (noting that bald assertions and conclusory allegations are not sufficient

grounds for an evidentiary hearing); *Morris v. California,* 966 F.2d 448, 456 (9th Cir.1991) ("[w]ishful suggestions cannot substitute for declaratory or other evidence" to warrant evidentiary hearing on conflict-of-interest claim); *cf. Siripongs v. Calderon,* 35 F.3d 1308, 1313–14 (9th Cir.1994) (deposition of trial counsel, expert affidavits, and record evidence all offered in support of ineffectiveness claim and request for evidentiary hearing).

Christine Guardado nor "Jeff" was a direct alibi witness. They each allegedly saw Adams and his wife Aurora together either well before or well after the time of the shooting. They might have helped to rehabilitate Aurora, a direct alibi witness, had they testified as Adams hopes they would, but the jury would still have had before it Aurora's earlier inconsistent statement that Adams was not with her at the time of the shooting.

It also does not help Adams that Guardado might have also said that she was at the crack house all night prior to the shooting and had not seen Adams, because she did not witness the shooting. The shooting occurred outside the house and was over in a matter of seconds, during which time the shooter drove up, stepped out, shot the victim, and then drove off. Indeed, according to the police reports Adams has provided us, none of the witnesses known to be at the crack house or the house next door when the shooting occurred—witnesses whom Adams's counsel also purportedly failed to interview—saw the shooter or the shooter's car. Adams's speculation that interviews with these witnesses might have uncovered more than was in the police reports is insufficient to show prejudice. *See United States v. Berry,* 814 F.2d 1406, 1409 (9th Cir.1987) (appellant failed to meet prejudice prong of ineffectiveness claim because he offered no indication of what potential witnesses would have testified to).

Having failed to demonstrate prejudice from his counsel's alleged failure to investigate, Adams is not entitled to an evidentiary hearing, and the district court did not abuse its discretion by proceeding to rule on Adams's ineffective assistance claim without one.

## II.

■ Adams cannot demonstrate that his trial counsel was ineffective for failing to bring timely motions to suppress the gun and the statements obtained from Adams during his arrest, because Adams cannot meet the prejudice prong of the *Strickland* test. *Strickland,* 466 U.S. at 687. A motion to suppress the gun would have been futile. Adams had no reasonable expectation of privacy in his wife's purse, and could not assert her Fourth Amendment rights in a motion to suppress the gun. *Rakas v. Illinois,* 439 U.S. 128, 134, 99 S.Ct. 421, 58 L.Ed.2d 387 (1978). Failure to bring a motion to suppress the statements was not prejudicial because the statements did not implicate Adams as the shooter, and any impermissible character evidence they may have represented was not so prejudicial that we find a reasonable probability of a different outcome had they been suppressed. *Strickland,* 466 U.S. at 695.

## III.

■ Errors in jury instructions generally do not give rise to a federal constitutional question unless the errors so infect the trial as to render the whole proceeding unfair. *Estelle v. McGuire,* 502 U.S. 62, 72–73, 112 S.Ct. 475, 116 L.Ed.2d 385 (1991). We conclude the jury was properly instructed on attempted murder and the premeditation enhancement, and that the enhancement question was properly submitted to the jury. There was no due process violation.

■ Adams contends that the district court should have given, sua sponte, a provocation instruction analogous to CALJIC 8.73, which would have instructed the jury that provocation insufficient to reduce the crime of attempted murder to attempted voluntary manslaughter may nonetheless dispel the premeditation and deliberation required to convict him of the

**4**

attempted murder enhancement. No such instruction was called for in Adams's case, however, because there was no evidence of provocation and because Adams relied consistently on an alibi defense. *See People v. Johnson,* 6 Cal.4th 1, 43, 23 Cal.Rptr.2d 593, 859 P.2d 673, 696 (1993); *People v. Sedeno,* 10 Cal.3d 703, 716, 112 Cal.Rptr. 1, 518 P.2d 913, 921–22 (1974), *overruled on other grounds by People v. Breverman,* 19 Cal.4th 142, 149, 77 Cal.Rptr.2d 870, 960 P.2d 1094, 1097 (1998). Indeed, had the court given the instruction that Adams contends it should have, Adams might well be complaining now that he was prejudiced by an instruction inconsistent with his theory of the case. There was no error in the omission of the provocation instruction.

Adams next contends that the jury was never instructed that it could find attempted murder without the premeditation enhancement. We reject this contention. The special verdict form that the jury returned made clear that the jury could find Adams guilty of attempted murder, and that he "did not" act intentionally, deliberately, and with premeditation.

Adams also complains that California's premeditation enhancement to attempted murder is not required to be proved beyond a reasonable doubt, *see People v. Bright,* 12 Cal.4th 652, 49 Cal.Rptr.2d 732, 909 P.2d 1354 (1996), in violation of *Jones v. United States,* 526 U.S. 227, 119 S.Ct. 1215, 143 L.Ed.2d 311 (1999). Even if it is assumed that Adams states California law correctly, his argument fails because Adams himself concedes that the trial court in his case instructed the jury that, to convict, it must find the enhancement facts beyond a reasonable doubt.

### IV.

Adams's claim of prosecutorial misconduct by use of perjured testimony is without merit. We agree with the district court's assessment that each of Adams's allegations of perjury by Detective Lee are either bare allegations or minor matters subject to memory lapses. There was no perjury. Neither was the prosecutor's introduction of Adams's arrest-related statements misconduct. The statements were admissible as admissions and, even if not, we have already determined in part III above that their introduction did not prejudice Adams.

### V.

Adams's claim of ineffective assistance of appellate counsel is also without merit. Adams contends that his appellate counsel was ineffective for failing to argue on direct appeal that trial counsel was ineffective and for failing to argue prosecutorial misconduct. Because we have found that there was no merit in Adams' claims of ineffective assistance of trial counsel, this claim of ineffective assistance of appellate counsel fails as well.

### VI.

We have reviewed all of the remaining contentions raised by Adams and find them to be without merit. The judgment of the district court is

**AFFIRMED.**