**UNITED STATES of America, Plaintiff-Appellee,**

v.

**Alfred Maese SALAS and Betty Lee Salas, Defendants-Appellants.**

**No. 79–1048.**

United States Court of Appeals, Ninth Circuit.

Aug. 13, 1979.

William A. Dougherty, Tustin, Cal., for defendants-appellants.

Harry E. Hull, Jr., Asst. U. S. Atty., Sacramento, Cal., John C. Gibbons, Asst. U. S. Atty., San Francisco, Cal. (argued), for plaintiff-appellee.

Before WALLACE and ANDERSON, Circuit Judges, and MURRAY,* District Judge.

J. BLAINE ANDERSON, Circuit Judge:

The defendants, Alfred M. Salas and his wife, Betty L. Salas, appeal from the denial of their Fed.R.Crim.P. 32(d) motion to with-

---

draw their guilty pleas. They contend that the trial judge violated Fed.R.Crim.P. 11(c)(1) by failing to explain the nature and operation of the special parole term when they pled guilty. We find that this case is controlled by *United States v. Timmreck,* —— U.S. ——, 99 S.Ct. 2085, 60 L.Ed.2d 634 (1979), and affirm.

■ Alfred was charged with possession of heroin with intent to distribute (21 U.S.C. § 841(a)(1)), and Betty was charged with aiding and abetting (18 U.S.C. § 2). When a person is sentenced to a term of imprisonment under 21 U.S.C. § 841(a)(1), then a special parole term of at least three years must be imposed in addition to the prison sentence.[1]

On February 2, 1977, during the second day of their jury trial, the defendants withdrew their not guilty pleas and pled guilty to the charges against them. Before accepting the guilty pleas, the trial judge personally addressed the defendants as required by Fed.R.Crim.P. 11 to insure that the pleas were made voluntarily and that there was a factual basis for the pleas. *See* Reporter's Transcript (R.T.) 70–85. The judge informed the defendants two different times that the maximum penalty was fifteen years imprisonment, a $25,000 fine, and a special parole term of "at least" (also "not less than") three years. R.T. 76–78. On both occasions the defendants replied that they understood the possible punishment, including the special parole term. R.T. 76–78.

On March 10, 1977, Alfred was sentenced to thirteen years imprisonment plus a special parole term of ten years. Betty received a five-year prison sentence and a special parole term of three years.

---

* The Honorable Frank J. Murray, Senior United States District Judge for the District of Massachusetts, sitting by designation.

1. The minimum special parole term of one, two or three years (depending upon the type of controlled substance involved) *must* be imposed whenever anyone is sentenced to a term of imprisonment under 21 U.S.C. § 841. There is no limit on the maximum length of the special parole term. That is apparently left entirely up to the discretion of the sentencing judge. When a person violates the special parole term, the person can be returned to prison for the entire term of the special parole and receive no credit for the time previously spent on parole. *See generally* 21 U.S.C. § 841; and *Bunker v. Wise,* 550 F.2d 1155 (9th Cir. 1977).

On August 4, 1978, the defendants filed a Rule 32(d) motion to withdraw their guilty pleas.[2] The present appeal was taken from the denial of this motion. The court below had jurisdiction under 18 U.S.C. § 3231. This court's jurisdiction is proper pursuant to 28 U.S.C. § 1291.

In *Timmreck, supra,* the Supreme Court held that a defendant could not be afforded any collateral relief[3] because of the type of Rule 11 violation which the defendants claim occurred in the present case. When the defendant in *Timmreck* entered his guilty plea to a 21 U.S.C. § 841 charge, the judge advised him of the possible prison sentence and fine, but the special parole term was *never* mentioned. The defendant in *Timmreck* received a sentence of ten years plus a special parole term of five years. About two years later, the defendant in *Timmreck* sought relief under 28 U.S.C. § 2255 based upon this Rule 11 violation. In rejecting this contention, Justice Stevens, writing for a unanimous court, reasoned as follows:

"Nor can any claim reasonably be made that the error here resulted in a 'complete miscarriage of justice' or in a proceeding 'inconsistent with the rudimentary demands of fair procedure.' Respondent does not argue that he was actually unaware of the special parole term or that, if he had been properly advised by the trial judge, he would not have pleaded guilty. His only claim is of a technical violation of the rule."

—— U.S. at ——, 99 S.Ct. at 2087.[4]

■ The defendants in the present case do not claim that they were unaware of the special parole term. The trial judge explained to them that there would be a special parole term of at least three years. When asked whether they understood this, the defendants each responded in the affirmative. On appeal, the defendants make no claim that they were actually unaware of the nature and operation of the special parole term. Nor do they claim that they would not have pled guilty. We do not decide whether there was any violation of Rule 11, because, at most, the defendants can claim only a "technical" violation of the variety which *Timmreck* holds cannot afford any collateral relief. In view of these circumstances, we conclude that the defendants' Rule 32(d) motion was properly denied.

AFFIRMED.

2. This is not the first time that the defendants challenged their sentences. They both made Fed.R.Crim.P. 35 motions to modify their sentences on June 9, 1977. Alfred also has filed a 28 U.S.C. § 2255 motion challenging his sentence, which was denied on July 18, 1978. No appeal was ever taken from any of these prior rulings.

3. It should be noted that *Timmreck* involved a § 2255 proceeding, whereas the present case involves a Rule 32(d) proceeding. Relief may be afforded in a § 2255 proceeding where the error involves "exceptional circumstances" or "a fundamental defect which inherently results in a complete miscarriage of justice." Rule 32(d) allows withdrawal of a guilty plea after sentencing to correct "manifest injustice." Although these may appear to involve different standards, this court has held that a Rule 32(d) motion which is based upon a Rule 11 violation is examined under the same standard as a § 2255 motion. *United States v. Harris,* 534 F.2d 141 n. 1 (9th Cir. 1976).

This approach is logically followed here where the Rule 32(d) motion is being used in a collateral manner to challenge the guilty pleas. This motion was filed over one year after the judgment of conviction and sentence was entered. Additionally, this is not the defendants' first challenge to their sentences. *See* n. 2, *supra.*

4. The Court in *Timmreck* approvingly quoted the following language about the need for finality when reviewing guilty pleas, which is equally applicable to the present case:

"Every inroad on the concept of finality undermines confidence in the integrity of our procedures; and, by increasing the volume of judicial work, inevitably delays and impairs the orderly administration of justice. The impact is greatest when new grounds for setting aside guilty pleas are approved because the vast majority of criminal convictions result from such pleas. Moreover, the concern that unfair procedures may have resulted in the conviction of an innocent defendant is only rarely raised by a petition to set aside a guilty plea." *United States v. Smith,* 7 Cir., 440 F.2d 521, 528–529 (Stevens, J., dissenting).

—— U.S. at —— – ——, 99 S.Ct. at 2087–2088.