**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Linda Jean BOURDON,
Defendant-Appellant.**

**No. 79–1694.**

United States Court of Appeals,
Ninth Circuit.

July 8, 1980.

John J. Cleary, San Diego, Cal., for defendant-appellant.

Judith S. Feigin, Asst. U. S. Atty., on the brief, Michael H. Walsh, U. S. Atty., Judith S. Feigin, Asst. U. S. Atty., argued, San Diego, Cal., for plaintiff-appellee.

Before SNEED and PREGERSON, Circuit Judges, and TEMPLAR,* District Judge.

---

* Honorable George Templar, Senior United States District Judge for the District of Kansas, sitting by designation.

## 78

PER CURIAM.

Appellant Bourdon pleaded guilty to one count of conspiracy to import marijuana in violation of 21 U.S.C. § 963 (1976). Although appellant initially received a suspended sentence and was placed on probation, she violated the terms of the probation order and was sentenced to 18 months imprisonment and, in addition, there was imposed a special parole term of two years. Appellant thereafter filed a Rule 35 motion to reduce the sentence. The term of imprisonment was reduced but the district court refused to strike the special parole term.

Appellant appeals on the ground that the special parole term is not authorized when the offense is conspiracy in violation of 21 U.S.C. § 963. The appellant is correct. In *Bifulco v. United States*, —— U.S. ——, 100 S.Ct. 2247, 64 L.Ed.2d —— (1980), the Supreme Court held that a court may not impose a special parole term for conspiracy to commit a drug offense under 21 U.S.C. § 846 (1976). Though appellant's conviction was obtained under 21 U.S.C. § 963 (1976), the wording of that section is identical to that of section 846. *Bifulco* makes it clear, we think, that the special parole term given in this case was improper.

We reverse and remand to the district court for resentencing in accordance with the authority of *Bifulco*.