**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Steven Anthony GARCIA; aka Karlton
Morgan, Defendant–Appellant.**

No. 87–6089.

United States Court of Appeals,
Ninth Circuit.

Submitted Oct. 21, 1988 *.

Memorandum Dec. 15, 1988.

Order and Opinion June 7, 1989.

---

* The panel finds this case appropriate for submission without oral argument pursuant to Ninth

Circuit Rule 34–4 and Fed.R.App.P. 34(a).

**24**

Steven Anthony Garcia, Pro Per, Lompoc, Cal., for defendant-appellant.

Cynthia Lynne Millsaps, Asst. U.S. Atty., San Diego, Cal., for plaintiff-appellee.

Before GOODWIN, Chief Judge, BARNES and KILKENNY, Senior Circuit Judges.

GOODWIN, Chief Judge:

Steven Garcia, a federal prisoner, appeals the denial of his 28 U.S.C. § 2255 motion to vacate his special parole term. He does not in this proceeding challenge his custodial sentence of 15 years. Garcia contends his special parole term was illegal because (1) the district court failed to specify the count to which the special parole term attached; (2) the special parole term was invalidated by amendment to 21 U.S.C. § 841(b)(1)(A); and (3) the special parole term of 25 years was unauthorized by law. We affirm.

Garcia was properly sentenced to a special parole term under 21 U.S.C. § 841(b)(1)(A) (1981) for having violated 21 U.S.C. § 841(a)(1), aiding and abetting the possession of a controlled substance with the intent to distribute. At the time of Garcia's crime, § 841(b)(1)(A) mandated a special parole term of at least three years for the first-time violators of § 841(a)(1). *See United States v. Kenyon*, 519 F.2d 1229, 1231 (9th Cir.), *cert. denied*, 423 U.S. 935, 96 S.Ct. 293, 46 L.Ed.2d 267 (1975). The trial court made it clear in Garcia's Judgment and Commitment that special parole was being imposed as part of the sentence for his violating § 841(a)(1). Accordingly, the district court did not err in imposing a special parole term of at least three years.

The repeal of any statute will not affect a penalty under the statute unless the repealing act expressly provides relief from the penalty. 1 U.S.C. § 109 (savings clause). Special parole is a penalty within the meaning of the savings clause. *See Warden v. Marrero*, 417 U.S. 653, 661–64, 94 S.Ct. 2532, 2537–39, 41 L.Ed.2d 383 (1974). Because the Anti–Drug Abuse Act of 1986 did not provide for the retroactive

application of its amendments to 21 U.S.C. § 841(b)(1)(A), it did not invalidate Garcia's term of special parole.

■ Although § 841(b)(1)(A) mandated a minimum special parole term of three years for defendants sentenced to prison terms, it did not place an upper limit upon the length of special parole which could be imposed. *United States v. Salas*, 602 F.2d 215, 216 n. 1 (9th Cir.1979). Therefore, the district court did not err in sentencing Garcia to a special parole term of 25 years.

A jury convicted Garcia of conspiracy to import a controlled substance, conspiracy to possess a controlled substance with intent to distribute, and aiding and abetting the possession of a controlled substance with intent to distribute (indictment counts one, two, and three respectively). He was sentenced to three concurrent terms of 15 years in custody in 1976 and his conviction was affirmed by this court in an unpublished decision in 1979.

On March 18, 1987, Garcia filed a motion to vacate his conviction pursuant to 28 U.S.C. § 2255 on the ground that his 25–year special parole term was unlawful. The district court granted Garcia's motion with respect to counts one and two, but denied the motion with respect to count three.

■ Contrary to Garcia's assertion that the district court improperly failed to specify to which count the special parole term applied, the court indicated that special parole was being imposed for violation of § 841(a)(1) by referring to the applicable penalty provision for that offense —§ 841(b)(1)(A). Furthermore, the court could not have imposed special parole as a penalty for either conspiracy offense: 21 U.S.C. § 846 or 21 U.S.C. § 963. *See Bifulco v. United States*, 447 U.S. 381, 398, 100 S.Ct. 2247, 2257–58, 65 L.Ed.2d 205 (1980) (§ 846); *United States v. Bourdon*, 624 F.2d 77, 78 (1980) (§ 963).

■ The district court misstated at one point that 21 U.S.C. § 960(b)(1) provided for the imposition of a special parole term. This was incorrect. *See United States v. Bienvenue*, 632 F.2d 910, 915 (1st Cir.1980) (the imposition of a special parole term is

disallowed under 21 U.S.C. § 960 for a violation of 21 U.S.C. § 963). Nevertheless, Garcia has failed to point out how this error prejudiced him or rendered illegal a required sentence correctly designated elsewhere in the record. The sentencing judge, who also heard the § 2255 motion, had the error called to his attention. His denial of the § 2255 motion reflects his determination that he would impose the same special parole term for the possession with intent to distribute count alone that he had imposed previously for the several counts. The imposition of a 25–year special parole term was proper under 21 U.S.C. § 841(b)(1)(A). *See Also Kenyon*, 519 F.2d at 1231 (defendant's sentence was fully effective, even though court failed to impose mandatory special parole term, because defendant was not prejudiced by the sentencing court's error). Accordingly, the district court did not err in imposing the special parole term.

*Length of Special Parole Term*

Garcia contends for the first time in these post conviction proceedings that the district court erred in imposing a special parole term of 25 years because the court (1) was authorized to impose only three to six year special parole terms for first-time offenders, and (2) gave no explanation why a 25–year special parole term was justified.

■ As discussed above, Garcia was properly sentenced under 21 U.S.C. § 841(b)(1)(A), which mandated a special parole term of *at least* three years in addition to the term of imprisonment. *See United States v. Salas*, 602 F.2d at 216 n. 1 ("There is no limit on the maximum length of the special parole term. That is apparently left entirely up to the discretion of the sentencing judge."). Indeed, the statute apparently authorized a special parole term for life. *See United States v. Rich*, 518 F.2d 980, 987 (8th Cir.1975) (referring to identical language in 21 U.S.C. § 841(b)(1)(B)), *cert. denied*, 427 U.S. 907, 96 S.Ct. 3193, 49 L.Ed.2d 1200 (1976). Garcia has not cited any authority requiring district courts to justify the length of special parole terms. Indeed, for convicted

drug dealers, prudent law enforcement considerations favor a special parole term that will discourage recidivism. *See Salas,* 602 F.2d at 216 n. 1.