952 F.2d 1400
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Raymond Edward MOSLEY, a/k/a Raymond Lee Baker, Defendant-Appellant.
 No. 91-50157.
 United States Court of Appeals, Ninth Circuit.
 Submitted Jan. 9, 1992.*
Decided Jan. 13, 1992.
 
 Before WALLACE, Chief Judge, and SNEED and ALARCON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Raymond Edward Mosley appeals pro se the district court's denial of his Fed.R.Crim.P. 35(a) motion to correct an illegal sentence.[1] In this pre-United States Sentencing Guidelines case, Mosley attempted to attack his conviction and sentence imposed after entry of a guilty plea to possession with intent to distribute methamphetamine, in violation of 21 U.S.C. § 841(a)(1), and to being a felon in possession of a firearm, in violation of 18 U.S.C.App.II § 1202(a)(1) (repealed 1986). Mosley contends the district court erred because: (1) a special parole term was illegally imposed on him; (2) there was insufficient evidence that he possessed a firearm; and (3) the indictment failed to state a cause of action on the methamphetamine count. We have jurisdiction under 28 U.S.C. § 1291 and we affirm.
 
 
 3
 We have previously held that the imposition of a special parole term for a violation of 21 U.S.C. § 841(a)(1) is not invalid where the conduct giving rise to the violation occurred prior to the effective date of the provisions of the Anti-Drug Abuse Act of 1986 which substituted supervised release for special parole terms. United States v. Garcia, 877 F.2d 23, 24-25 (9th Cir.1989). Here, the conduct to which Mosley pleaded guilty took place in September of 1985, whereas the Anti-Drug Abuse Act did not become effective until November 1, 1987. Gozlon-Peretz v. United States, 111 S.Ct. 840, 843, 844 n. 4 (1991). Therefore, the district court did not err by denying Mosley's Rule 35(a) motion on this ground. See Garcia, 877 F.2d at 24-25.
 
 
 4
 Mosley's second and third contentions of error are that the evidence was insufficient to sustain his conviction on the weapons possession count and that the indictment on the methamphetamine count was fatally deficient.[2] Mosley expressly waived his right to attack his conviction either directly or collaterally in his plea agreement. We have previously upheld the constitutionality of a defendant's waiver of the right to appeal his conviction when the waiver is negotiated as part of a voluntary plea agreement with the government. United States v. Navarro-Botello, 912 F.2d 318, 321-22 (9th Cir.1990). Therefore, in the absence of any allegation by Mosley that his waiver was involuntary, the district court did not err by denying Mosley relief based upon his appeal waiver. See id.
 
 
 5
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Although Rule 35(a) has since been substantially amended, the version of Rule 35(a) applicable to offenses committed prior to November 1, 1987 provides:
 The court may correct an illegal sentence at any time and may correct a sentence imposed in an illegal manner within the time provided herein for the reduction of sentence.
 
 
 [2]
 These arguments represent an attack on the conviction rather than a claim of illegal sentence cognizable under Rule 35(a). The district court, however, apparently construed these arguments as a petition for habeas corpus and denied them on the alternative bases of his appeal waiver and their lack of merit