990 F.2d 1261
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Joseph CAMPOS, Defendant-Appellant.
 No. 92-50080.
 United States Court of Appeals, Ninth Circuit.
 Submitted March 23, 1993.*
Decided April 5, 1993.
 
 Before WALLACE, Chief Judge, and FARRIS and BRUNETTI, Circuit Judges.
 
 
 1
 Joseph Campos, a federal prisoner, appeals pro se the district court's denial of his 28 U.S.C. § 2255 motion to vacate, set aside, or correct his sentence. Campos was convicted of four counts of drug possession and distribution and one count of conspiracy, in violation of 21 U.S.C. § 841(a)(1) and § 846. We have jurisdiction under 28 U.S.C. § 2255, and affirm.
 
 
 2
 We review a district court's denial of a section 2255 motion de novo. United States v. Moore, 921 F.2d 207, 209 (9th Cir.1990). Sentencing within statutory guidelines is left to the sound discretion of the trial court, and will be reviewed only for an abuse of discretion. United States v. Yarbrough, 852 F.2d 1522, 1545 (9th Cir.), cert. denied, 488 U.S. 866 (1988); Jones v. United States, 783 F.2d 1477, 1479 (9th Cir.1986).
 
 
 3
 Campos was sentenced to ten years on each of the five counts, to run concurrently, and a special parole term of 25 years. He contends his special parole term is not authorized by the statute and must be vacated. This contention is without merit.
 
 
 4
 At the time Campos was sentenced, the statute authorized a special parole term for violations of 21 U.S.C. § 841(a)(1), the substantive drug charges of which Campos was convicted. Although the statute mandated a special parole term of at least three years for first-time offenders and at least six years for repeat offenders, there was no upper limit on the length of the special parole term which could be imposed. 21 U.S.C. § 841(b)(1)(A); United States v. Garcia, 877 F.2d 23, 25 (9th Cir.1989) (25 year special parole term authorized under statute). The conspiracy statute, 21 U.S.C. § 846, made no mention of a special parole term.[1] After Campos was sentenced, the Supreme Court held that no special parole term may be imposed for violations of the conspiracy statute. Bifulco v. United States, 447 U.S. 381, 400-01 (1979).
 
 
 5
 Campos argues that his special parole term must be vacated, because no such term is authorized for violations of the conspiracy statute. However, in Bifulco, the defendant had been convicted of conspiracy alone. See Bifulco v. United States, 600 F.2d 407, 408 (2nd Cir.1979). Campos was convicted not only of conspiracy, but also of four substantive charges, for which a special parole term was authorized. There is no evidence in the judgment and commitment order that the sentencing judge intended to impose the special parole term with respect to the conspiracy charge alone.[2] Because the sentence is within the statutorily allowed limits for the substantive drug crimes Campos committed, the district court did not abuse its discretion in sentencing Campos to a special parole term of 25 years. See Yarbrough, 852 F.2d at 1545; Jones, 783 F.2d at 1479. Accordingly, we affirm the district court's denial of his section 2255 motion.
 
 
 6
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 That statute read: "Any person who attempts or conspires to commit any offense defined in this subchapter is punishable by imprisonment or fine or both which may not exceed the maximum punishment prescribed for the offense, the commission of which was the object of the attempt or conspiracy."
 
 
 [2]
 Apparently, no transcripts exist of the sentencing hearing. Under these circumstances, it is difficult to ascertain the sentencing judge's intentions in imposing the special parole term. However, we may presume that the sentencing judge's subsequent denial of the section 2255 motion reflects his determination that he would have imposed the same special parole term for the four substantive offenses alone. See Garcia, 877 F.2d at 25 (sentencing judge's denial of section 2255 motion indicates that same special parole term would have been imposed regardless of conspiracy conviction)