996 F.2d 1228
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Ernest L. DAVIS, Defendant-Appellant.
 No. 92-50280.
 United States Court of Appeals, Ninth Circuit.
 Submitted June 8, 1993.*
Decided June 14, 1993.
 
 Before: CANBY, FERNANDEZ, and T.G. NELSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Ernest L. Davis, a federal prisoner, appeals pro se the district court's denial of his coram nobis petition to correct an illegal sentence pursuant to 28 U.S.C. § 1651. Davis contends that the ten-year special parole term imposed as part of his sentence was illegal because the district court failed to specify the count to which the special parole term was attached.[1] We review de novo a district court's denial of a petition for coram nobis relief. Hirabayashi v. United States, 828 F.2d 591, 594 (9th Cir.1987). The district court's findings of fact are reviewed for clear error. Id. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.
 
 
 3
 Davis was convicted of one count of conspiracy and one count of illegal importation of a controlled substance. He was also convicted of one count of conspiracy and three counts of possession of a controlled substance with the intent to distribute.
 
 
 4
 Davis claims that because the district court did not specify whether the special parole term attached to the conspiracy or substantive counts, the special parole term is invalid. At the time of Davis' crime, 21 U.S.C. § 841(b)(1)(A) mandated a special parole term of at least three years for the first-time violators of § 841(a)(1). See United States v. Garcia, 877 F.2d 23, 24 (9th Cir.1989). Although § 841(b)(1)(A) mandated a minimum special parole term of three years for defendants sentenced to prison terms, it did not place an upper limit upon the length of special parole which could be imposed. Id. (citing United States v. Salas, 602 F.2d 215, 216 n. 1 (9th Cir.1979)). The United States Supreme Court has held that the imposition of special parole terms in conspiracy cases brought under 21 U.S.C. § 846 is inappropriate because § 846 did not mandate special parole for conspiracy violations at the time of Davis' offense. See United States v. Bifulco, 447 U.S. 381, 400-01 (1980). Therefore, the trial court could not have imposed special parole as a penalty for either of Davis' conspiracy offenses. Id.; see Garcia, 877 F.2d at 25.
 
 
 5
 Moreover, contrary to Davis' assertion that the district court improperly failed to specify to which count the special parole term applied, the trial court made it clear in Davis' Judgment and Commitment that special parole was being imposed as part of the sentence for his violating § 841(a)(1). The court indicated that special parole was being imposed for violation of § 841(a)(1) by referring to § 841(b)(1)(B), the applicable penalty provision for that offense. See Garcia, 877 F.2d at 25.
 
 
 6
 Accordingly, the district court did not err by relying on the reasoning of our decision in United States v. Kendrick, 90-50072 (decided 3/19/91). Furthermore, the district court did not err by imposing a special parole term of ten years. see Garcia, 877 F.2d at 25.
 
 
 7
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except a provided by 9th Cir.R. 36-3
 
 
 [1]
 Davis also contends that the district court erred by denying his petition without giving him the opportunity to respond to the government's reply to his petition. This contention is without merit
 Davis erroneously relies on Fed.R.Civ.P. 59 and 60 for the assertion that he has a right to respond to any pleading filed. However, writs of coram nobis have been abolished in civil proceedings. Fed.R.Civ.P. 60. They are no longer governed by the Federal Rules of Civil Procedure, but rather by 28 U.S.C. § 1651, Fed.R.App.P. 21, and rules governing writs under 28 U.S.C. § 2255. None of these rules require the court to allow a petitioner to file a traverse. Specifically, Fed.R.App.P. 21 provides that the court may order the respondents to reply to the petitioner's writ. It does not require the court to accept a traverse from the petitioner. See Fed.R.App.P. 21.