91 F.3d 156
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Rene MARTINEZ-ARELLANO, Defendant-Appellant.
 No. 95-56562.
 United States Court of Appeals, Ninth Circuit.
 Submitted June 25, 1996.*
Decided June 28, 1996.
 
 Before: NOONAN, LEAVY, and TASHIMA, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Rene Martinez-Arellano, a federal prisoner, appeals pro se the district court's denial of his 28 U.S.C. § 2255 motion to set aside his sentence imposed following his guilty plea to importation and attempted importation of heroin, in violation of 21 U.S.C. §§ 952, 960, and 963. We have jurisdiction under 28 U.S.C. §§ 1291, 2255. We review de novo, United States v. Frazer, 18 F.3d 778, 781 (9th Cir.1994), and affirm.
 
 
 3
 Martinez-Arellano contends that the district court erred by imposing a special parole term because his conviction does not authorize the imposition of a special parole term. Although a special parole term may not be imposed for a violation of 21 U.S.C. § 963, United States v. Bourdon, 624 F.2d 77, 77 (9th Cir.1980), Martinez-Arellano was also convicted, pursuant to his guilty plea, of the substantive crime of importing heroin under 21 U.S.C. § 952. A special parole term was specifically authorized for such a violation at the time Martinez-Arellano was sentenced. See 21 U.S.C. § 960(b) (1981). Accordingly, the imposition of Martinez-Arellano's special parole term was proper.
 
 
 4
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3