**Christopher John MARTIN,**
**Petitioner–Appellant,**

v.

**U.S. PAROLE COMMISSION,**
**Respondent–Appellee.**

No. 95–35878.

United States Court of Appeals,
Ninth Circuit.

Submitted March 3, 1997.*

Decided March 10, 1997.

---

\* The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a) and Ninth Circuit Rule 34–4.

Christopher John Martin, pro se, Sheridan, Oregon, petitioner-appellant.

Jerald E. Olson, Assistant United States Attorney, Seattle, Washington, for respondent-appellee.

Before: WRIGHT, WALLACE and HAWKINS, Circuit Judges.

PER CURIAM:

Martin appeals pro se from the district court's denial of his petition for writ of habeas corpus under 28 U.S.C. § 2241. We have jurisdiction over this timely appeal pursuant to 28 U.S.C. § 2253, and we affirm.

I

Martin was sentenced on November 16, 1984, in the United States District Court for the Western District of Washington to a five-year term of imprisonment for escape, and a concurrent fifteen-year term for bank robbery. He remained in federal custody until April 23, 1993, when he was released due to accumulated good time credits under 18 U.S.C. § 4163.

At Martin's request, the United States Probation Officer (probation officer) assigned to his case requested that his supervision be transferred to the Western District of Wisconsin. That transfer was finalized by a Notice of Action issued by the United States Parole Commission (Commission) on May 20, 1993.

On February 3, 1994, the Western District of Wisconsin requested a violator warrant for Martin's arrest, because he had absconded from supervision and his whereabouts were unknown. The Commission issued a warrant for his arrest on February 7, 1994, and he was arrested on the same day in Reno, Nevada. On April 25, 1994, the Commission revoked Martin's mandatory release and ordered him to serve an additional eight months, until October 6, 1994.

On that date, the Commission paroled Martin to the Western District of Washington, where he was to remain under parole supervision until November 15, 1999. In addition to the standard conditions of parole, the Commission ordered Martin "to reside in and participate in a program of the Community Corrections Center as instructed until discharged by the Center Director, but no later than 120 days from admission." *See* 18 U.S.C. § 4209(c)(1).

Martin failed to report to his probation officer within three days after his release, and on October 17, 1994, that officer requested a warrant for his arrest. The Commission issued the warrant, and Martin was arrested in Seattle on November 3, 1994.

While incarcerated for that parole violation, Martin filed this petition for writ of habeas corpus under 28 U.S.C. § 2241 in the Western District of Washington. His petition asserted that the Commission does not have jurisdiction over him because 18 U.S.C. § 4164 has been repealed, that probation officers lack statutory and constitutional authority to supervise parolees, and that the Commission could not delegate authority over the conditions of his parole to the director of a community treatment center.

The district court entered a judgment denying Martin's petition. While this appeal was pending, Martin was once again released on parole.

## II

■ Martin was originally released from prison on April 23, 1993, pursuant to 18 U.S.C. § 4163. That law provided that "a prisoner shall be released at the expiration of his term of sentence less the time deducted for good conduct." Under 18 U.S.C. § 4164, a prisoner released under section 4163 was "deemed as if released on parole until the expiration of the maximum term or terms for which he was sentenced less one hundred and eighty days." Both sections 4163 and 4164 were repealed by the Sentencing Reform Act of 1984, Public Law 98–473(Act), effective November 1, 1992. Martin argues that, because section 4164 was repealed before his release, the Commission lacks jurisdiction over him.

The general federal savings statute provides that:

> The repeal of any statute shall not have the effect to release or extinguish any penalty, forfeiture, or liability incurred under such statute, unless the repealing Act shall so expressly provide, and such statute shall be treated as still remaining in force for the purpose of sustaining any proper action or prosecution for the enforcement of such penalty, forfeiture, or liability.

1 U.S.C. § 109. The terms "penalty, forfeiture, or liability" in section 109 "were used by Congress to include all forms of punishment for crime." *Warden v. Marrero,* 417 U.S. 653, 661, 94 S.Ct. 2532, 2537, 41 L.Ed.2d 383 (1974), *quoting United States v. Ulrici,* 28 F. Cas. 328, 329 (C.C.Mo.1875). Marrero was convicted and sentenced at a time when federal law made all narcotics offenders ineligible for parole. When Congress repealed the ineligibility provision during the term of his incarceration, Marrero sought habeas corpus relief. The Supreme Court held that Marrero's parole ineligibility was a "penalty" under section 109, and that the savings clause "barr[ed] application of ameliorative criminal sentencing laws repealing harsher

ones in force at the time of the commission of an offense." *Id.*

In *United States v. Garcia,* 877 F.2d 23 (9th Cir.1989) (*Garcia*), Garcia was sentenced to fifteen years in prison and an additional "special parole" term pursuant to 21 U.S.C. § 841(b)(1)(A). Ten years into the sentence, Congress repealed the "special parole" requirement. Garcia filed an action under 28 U.S.C. § 2255 to vacate his special parole term. Citing 1 U.S.C. § 109, we held that "[t]he repeal of any statute will not affect a penalty under the statute unless the repealing act expressly provides relief from the penalty.... Special parole is a penalty within the meaning of the savings clause." *Garcia,* 877 F.2d at 24 (citation omitted). *See also United States v. Rewald,* 835 F.2d 215 (9th Cir.1987) (Sentencing Guidelines not retroactive because of 1 U.S.C. § 109); *United States v. Breier,* 813 F.2d 212 (9th Cir. 1987) (amendments to 18 U.S.C. § 922(a)(1), criminalizing unlicensed dealing in firearms, not applied retroactively because of 1 U.S.C. § 109), *cert. denied,* 485 U.S. 960, 108 S.Ct. 1222, 99 L.Ed.2d 423 (1988).

Under *Marrero* and *Garcia,* the ongoing supervision after release mandated by 18 U.S.C. § 4164 is a "penalty" within the meaning of the savings clause. For prisoners like Martin who were sentenced before the effective date of the Act, 1 U.S.C. § 109 extends the application of section 4164 notwithstanding its repeal.

■ Our conclusion that Martin remains subject to parole supervision is strengthened by 18 U.S.C. § 4210, which has been extended until 1997. That section governs the jurisdiction of the Commission, and provides in part:

> § 4210. Jurisdiction of Commission
>
> (a) A parolee shall remain in the legal custody and under the control of the Attorney General, until the expiration of the maximum term or terms for which such parolee was sentenced.
>
> (b) Except as otherwise provided in this section, the jurisdiction of the Commission over the parolee shall terminate no later than the date of the expiration of the maxi-

mum term or terms for which he was sentenced, except that—

(1) such jurisdiction shall terminate at an earlier date to the extent provided under section 4164 (relating to mandatory release)....

By extending the life of this statute until 1997, and specifically referencing section 4164, Congress expressed its intent that "old law" prisoners released under sections 4163 and 4164 would remain under the jurisdiction of the Commission.

The district court correctly held that Martin was subject to Commission supervision during the time at issue in this case.

### III

 Martin also argues that, because of the repeal of 18 U.S.C. § 3655, probation officers lack statutory authority to assist the Commission in supervising parolees. That statute provided that "[e]ach probation officer shall perform such duties with respect to persons on parole as the United States Parole Commission shall request." It was repealed, effective November 1, 1987, by the Act.

However, under 18 U.S.C. § 4203(b)(4), which has been extended until 1997, the Commission is empowered to "request probation officers and other individuals ... to perform such duties with respect to any parolee as the Commission deems necessary for maintaining proper supervision of and assistance to such parolees." In addition, section 3655 has been replaced by a new statute, 18 U.S.C. § 3603. Section 3603 is entitled "Duties of probation officers," and it provides in part that "[a] probation officer shall ... upon request of the Attorney General or his designee, assist in the supervision of and furnish information about, a person within the custody of the Attorney General while on work release, furlough, or other authorized release from his regular place of confinement." 18 U.S.C. § 3603(6). Because Martin was in the legal custody of the Attorney General during his release, pursuant to 18 U.S.C. § 4210, probation officers have statutory authority to supervise him under 18 U.S.C. § 3603.

Martin also contends that the Commission cannot "lawfully or Constitutionally" delegate to the civilian director of a community treatment center discretion over how much time he must spend in that facility. The Commission has wide discretion over the terms and conditions of Martin's parole, and Martin does not dispute its authority to assign him to a center for the full one hundred and twenty day period. Due process is not violated if the Commission permits the director to release him sooner.

Finally, Martin argued in the district court that the use of probation officers, who are within the judicial branch of government, to supervise parolees violates the separation of powers doctrine. He appears to have abandoned this contention on appeal. Regardless, it is squarely foreclosed by our decision in *United States v. Belgard*, 894 F.2d 1092, 1095–99 (9th Cir.), *cert. denied*, 498 U.S. 860, 111 S.Ct. 164, 112 L.Ed.2d 129 (1990).

**AFFIRMED.**