**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Robert Leo SPARGO, Defendant–Appellant.**

**No. 00–15421.**

**D.C. Nos. CV–99–06544–REC, CR–86–00073–REC.**

United States Court of Appeals, Ninth Circuit.

Submitted Nov. 8, 2001.[*]

Decided Jan. 7, 2002.

Before HAWKINS and TASHIMA, Circuit Judges, and WILKEN,[**] District Judge.

## MEMORANDUM [***]

Spargo appeals the district court's denial of his motion to correct an "illegal" sentence for his conviction for drug trafficking crimes involving approximately 39 pounds of methamphetamine. Spargo's claim is that, because of the large amounts of drugs with which he was caught, he should have been sentenced under 21 U.S.C. § 841(b)(1)(A) and therefore not subject to a period of special parole. However, that

---

[*] The panel finds this case appropriate for submission without oral argument pursuant to Fed. R.App. P. 34(a)(2).

[**] Honorable Claudia Wilken, United States District Judge for the Northern District of California, sitting by designation.

[***] This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

section does not cover Schedule II controlled substances.

Spargo's crime involved methamphetamine. Because methamphetamine is a Schedule II controlled substance, *see* 21 U.S.C. §§ 802(9), 802(17), Spargo is subject to § 841(b)(1)(B), which provides sentences for violations of § 841(a) involving other Schedule I or II controlled substances, or smaller quantities of narcotic drugs such as cocaine.

Among the penalties permitted by the statute under this section is special parole. Accordingly, Spargo was properly sentenced under 21 U.S.C. § 841(b)(1)(B). *See United States v. Gozlon–Peretz,* 498 U.S. 395, 399–400, 111 S.Ct. 840, 112 L.Ed.2d 919 (1991) ("Persons convicted of crimes involving lesser amounts of narcotic and non-narcotic substances remained subject to the penalties applicable to offenses committed before the 1984 amendments, including special parole. §§ 841(b)(1)(B) and (C)."). Because the statute provides for no upper limit on the period of special parole, a period of five years is not an abuse of discretion. *See United States v. Garcia,* 877 F.2d 23, 25 (9th Cir.1989).

AFFIRMED.

---

[*] The panel unanimously finds this case suitable for decision without oral argument, and denies Rugamba's request for oral argument. *See* Fed. R.App. P. 34(a)(2).

[**] This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by 9th Cir. R. 36–3.