**Brett SORENSON, Petitioner–Appellant,**

v.

**Robert A. HOOD, Warden; Edward F. Reilly, Jr., Chairman, U.S. Parole Commission; Alberto R. Gonzales, Attorney General; Charles Daniels, Respondents–Appellees.**

**No. 05–35370.**

United States Court of Appeals, Ninth Circuit.

Argued and Submitted March 9, 2006.

Filed Sept. 4, 2007.

Christine Stebbins Dahl, Esq., Federal Public Defender's Office, Portland, OR, for Petitioner–Appellant.

Kelly Alexandre Zusman, United States Attorney Office, Portland, OR, for Respondents–Appellees.

Before: BRUNETTI, T.G. NELSON, and PAEZ, Circuit Judges.

## MEMORANDUM *

■ Notwithstanding petitioner Brett Sorenson's ineligibility for parole under his original sentence and 18 U.S.C. § 924(e)(1) (1987), he was properly released under 18 U.S.C. § 4163 upon the expiration of his term less good time credits and accordingly "deemed as if released on parole" under 18 U.S.C. § 4164. He therefore remained while on release under the jurisdiction of the U.S. Parole Commission. *Martin v. U.S. Parole Comm'n,* 108 F.3d 1104, 1107 (9th Cir.1997); *McQuerry v. U.S. Parole Comm'n,* 961 F.2d 842, 845 (9th Cir.1992). And because we treat good time credits as "used up" upon release, "the failure to honor such credits following a [violation of release] is not a 'forfeiture' to which the protections of the due process clause might apply." *Boniface v. Carlson,* 881 F.2d 669, 671–72 (9th Cir.1989).

■ Because a warrant issued by the Commission under 18 U.S.C. § 4213 need not be supported by oath or affirmation, Sorenson's initial arrest and detention on an unsworn parole violator warrant was not unlawful under either § 4213 or the Fourth Amendment. *Sherman v. U.S. Parole Comm'n,* 502 F.3d 869 (9th Cir.2007).

* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

The judgment of the district court denying Sorenson's motion for enforcement of judgment and petition for habeas corpus relief is

**AFFIRMED.**

* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.