William PHILLIP, Petitioner,

v.

UNITED STATES of America Respondent.

Nos. CIV. A. 98–CV–942, 96–CR–446–1.

United States District Court, E.D. Pennsylvania.

Nov. 17, 1998.

---

William Phillip, Pro Se, for Plaintiff or Petitioner.

William B. Petersen, AUSA, Washington, DC, for Defendant.

### MEMORANDUM AND ORDER

ANITA B. BRODY, District Judge.

On August 28, 1997, I sentenced William Phillip ("petitioner") and his three codefendants to three counts of wire fraud and one count of mail fraud for their part in a telemarketing scheme. Petitioner and his codefendants defrauded individuals by falsely promising to send them products, prizes and cash if they sent money to a telemarketing company called Westwood Marketing, Inc. ("Westwood"). On March 24, 1998, petitioner filed a petition pursuant to 28 U.S.C. § 2255 to vacate, set aside or correct sentence, alleging that his counsel was ineffective.

Under 28 U.S.C. § 2255, a judge must determine whether to summarily dismiss the petition under Rule 4(b) of the Rules Governing § 2255 Proceedings, or to order an evidentiary hearing under Rule 8 of the Rules Governing § 2255 Proceedings. A district court should hold an evidentiary hearing in § 2255 cases unless "the motion, files and records show conclusively that the movant is not entitled to relief." *United States v. Nahodil*, 36 F.3d 323 (3d Cir.1994) (citing *Day*, 969 F.2d at 44) (remanding ineffective assistance claim to district court because the hearing was not held to determine what counsel had told petitioner)). In deciding whether to hold a hearing, a judge may draw upon personal knowledge and recollection of the events that occurred in his or her presence. *See Government of Virgin Islands v. Nicholas*, 759 F.2d 1073, 1077 (3d Cir.1985). Thus, a § 2255 motion may be denied summarily pursuant to Rule 4(b) of the Rules Governing § 2255 Proceedings if the movant's allegations, accepted as true, do not state a claim for relief.

Petitioner's motion challenges his sentence based on a violation of his Sixth Amendment right to effective assistance of counsel. To warrant an evidentiary hearing for ineffective assistance of counsel, the petitioner's claims, if accepted as true, must satisfy both prongs of the *Strickland* test. *Wells v. Petsock*, 941 F.2d 253, 259–60 (3d Cir.1991). As set out by the Supreme Court in *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), to prevail on an ineffective assistance of counsel claim, petitioner must show that counsel's performance was deficient and that the deficient performance prejudiced the defense. *Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). The United States Supreme Court defined deficient performance as "acts or omissions outside the wide range of professionally competent assistance." *Id.* at 690, 104 S.Ct. 2052. The petitioner must "identify specific errors by counsel, and [the courts] must indulge a strong presumption that counsel's conduct is reasonable." *Frey v. Fulcomer*, 974 F.2d 348, 358 (3d Cir.1992). Prejudice is defined as "a reasonable probability that, but for counsel's unprofessional

errors, the result of the proceeding would have been different. *Strickland*, 466 U.S. at 694, 104 S.Ct. 2052.

Petitioner claims that his counsel (1) failed to present evidence at sentencing that would have persuaded me to set his sentencing guideline range at a lower level, and (2) failed to appeal his sentence. For the following reasons, I will deny petitioner's motion and dismiss the petition without an evidentiary hearing pursuant to Rule 4(b) of the Rules Governing § 2255 Proceedings.

**Failure to Present Evidence**

■ Petitioner claims that counsel failed to present evidence at the sentencing hearing on certain issues, and that this failure contributed to my erroneously enhancing his sentence. In considering a habeas petition "[b]ald assertions and conclusory allegations do not provide sufficient ground to warrant requiring an evidentiary hearing." *Mayberry v. Petsock*, 821 F.2d 179, 185 (3d Cir.1987) (§ 2254 petition). Petitioner has not proffered any factual allegations in support of his motion to meet the cause prong of *Strickland*. He has asserted that his counsel was ineffective without identifying any facts available to counsel, that were not put forth at the time of sentencing. *See Zettlemoyer v. Fulcomer*, 923 F.2d 284 (3d Cir.1991) (denying petitioner's request for evidentiary hearing on issue of counsel's competence where petitioner did not point to specific significant mitigating evidence available to counsel at time of trial).

Petitioner's claims that relate to attorney performance state:[1]

The attorney was ineffective for fialure (sic) to obtain and present competent evidence regarding the 'vulnerable victim' enhancement .... The attorney's failure to secure and present competent evidence to rebut the government's obligation to prove by a preponderance or the evidence that the customers were 'vulnerable' fell below the *Strickland standards* for determining effectiveness of attorneys....

The attorney was ineffective due to failure to object to the amount of loss attributed to defendant....

The attorney was furthe (sic) ineffective due to the failure to object to the three level enhancement as a manager or supervisor.... Further, the attorney could have presented substantial evidence to rebut the scant evidence relied upon by the court in an attempt to justify this substantial enhancement....

These statements by the petitioner are nothing more than conclusions, devoid of any factual allegations necessary to justify an evidentiary hearing. The petitioner fails to set forth sufficient factual allegations to survive a summary dismissal under Rule 4(b) of the Rules Governing § 2255 Proceedings. This failure is fatal to petitioner's claim of ineffective assistance of counsel at the sentencing hearing.

**Failure To File An Appeal**

■ Petitioner also alleges that counsel refused and neglected to file a notice of appeal of the sentence. The petitioner's claim on this issue states, in its entirety:

The attorney, contrary to the court rules and desires of defendant failed, refused and neglected to file a notice of appeal or otherwise perfect the appeal of the erroneous sentence and/or the erroneous findings of the court which lead to the substantially enhanced guideline sentence. The defendant never knowingly waived his right to appeal and affirmatively requested the attorney to correct the numerous errors which occurred during the sentencing phase.

Like petitioner's allegations concerning counsel's performance during the sentencing hearing, the claim that counsel failed to appeal is spare on facts. I will, however, construe petitioner's motion to allege that his lawyer was ineffective in failing to appeal her own allegedly deficient performance at the sentencing hearing, and in failing to appeal my alleged erroneous conclusions of law and fact.

---

1. These are the only allegations relating to ineffective assistance of counsel. Petitioner's other contentions, while under the heading of "ineffec-

tive assistance of counsel," in fact go to the correctness of my rulings.

Assuming *arguendo* that counsel was deficient in not filing an appeal, the petitioner is only entitled to a hearing if he can show prejudice as a result of this deficiency. Counsel's failure to appeal her own performance during the sentencing hearing did not prejudice the petitioner because the record shows that her performance was not constitutionally ineffective.[2]

Contrary to petitioner's claim that his counsel did not present evidence to rebut the government's evidence that the victims of the Westwood fraud were vulnerable, petitioner's counsel explicitly adopted the arguments of counsel for petitioner's codefendant Troy Foley, who argued vigorously that the victims were not vulnerable.[3] *See* June 2, 1997 Hearing Transcript, p. 226.

Similarly, petitioner's claim that his counsel was ineffective because she failed to object to the pecuniary loss attributed to him is contradicted by the record. At the evidentiary hearing on June 2, 1997, all defendants' counsel argued to reduce the loss attributed to their clients. They contended that "bad checks" or returned checks should be excluded from the calculation, that actual loss should be calculated based on the retail value of the merchandise, rather than the resale value, and that refunds should be excluded from the loss calculation.

Finally, petitioner claims that counsel could have presented evidence to rebut the government's evidence that he was a manager or a supervisor. Counsel did object to the manager/supervisor enhancement and, in fact, cross-examined codefendant Junious to try and show that defendant Foley was the leader, not petitioner. *See* June 2, 1997 Hearing Transcript, pp. 114–16. The record affords no basis for appealing counsel's constitutional effectiveness at sentencing, thus, petitioner was not prejudiced by not appealing that issue.

Petitioner also fails to show that he was prejudiced by counsel's decision not to appeal

my findings with respect to the vulnerable victim enhancement, the attributable loss, and the manager/supervisor enhancement. A brief review of the record shows that there was no basis for appealing my findings. (*see* attached Findings and Conclusions, dated June 20, 1997).

First, the record clearly supports my finding of victim vulnerability. The record reflects that the defendants regularly solicited "reloads"—people who had already sent money to Westwood in the past and were then contacted by Westwood telemarketers again and again. One of the Westwood employees, George Junious, credibly testified that petitioner and his codefendant Foley, would hand out lists of "reloads" to reward successful salesmen. This was a reward because telemarketers who called "reloads" made a sale 65–70% of the time. Based on this evidence, I found that "reloads" were vulnerable victims because they were likely to send money to Westwood again despite prior misrepresentations. Second, my finding that returned checks should be included in the loss calculation is supported by law. *United States v. McLaurin*, 1997 WL 42996 (9th Cir.1997) (returned checks were properly included in intended loss figure for telemarketing fraud scheme). Finally, there were sufficient facts to support my conclusion that petitioner was a manager or supervisor of Westwood. The facts shown at sentencing were that petitioner was listed as vice-president of Westwood on a number of documents, that petitioner and Foley started Westwood together, that they both supervised the employees, gave out the "reload" lists, and were not on the payroll, but rather took cash at will from the Westwood bank account.

Because there is no basis in the record for an appeal of my conclusions of law and factual findings, I find that petitioner was not prejudiced by his counsel's failure to appeal my alleged errors.

---

**2.** As I already found that petitioner's motion did not allege sufficient facts to warrant an evidentiary hearing on counsel's performance at the sentencing hearing, I will evaluate whether petitioner has suffered prejudice based on the record before me.

**3.** All defendants received an enhancement for targeting vulnerable victims, including Mr. Foley, despite argument by his counsel.

Taking petitioner's allegations as true, he cannot prevail on his claim that counsel was ineffective for not appealing his sentence because he was not prejudiced, and thus, there is no need for a hearing on that issue.[4]

AND NOW, this 17th day of November, 1998, IT IS **ORDERED** that the petitioner's motion to vacate, set aside or correct sentence by a person in federal custody (docket # 124) is **DENIED** and the petition is **DISMISSED.**

---

4. Although I dismiss the claim concerning counsel's failure to appeal on the grounds that there was no prejudice, petitioner's claim also fails to meet the cause standard of *Strickland.* The government attached to its response motion a letter from petitioner's counsel which states that she discussed an appeal with petitioner by phone and that they agreed that my sentencing rulings were factual determinations unlikely to be overturned on appeal. Given the day-long evidentiary hearing in this case and my detailed findings of fact, it was not at all unreasonable for counsel to decide that an appeal would not be worthwhile. Such a judgment would not fall beyond the wide range of reasonable attorney conduct deemed to be acceptable.