## Scheerer v. The Cincinnati Traction Co.

*Negligence—Automobile at railway crossing—Contributory negligence—Failure to look.*

The fact that the driver of an automobile failed to look for approaching cars before crossing a railway track cannot, in itself, be said in every case to be contributory negligence as a matter of law.

(Decided February 13, 1922.)

Error: Court of Appeals for Hamilton county.

*Mr. M. G. Heintz* and *Mr. Thos. L. Michie,* for plaintiff in error.
*Mr. H. Kenneth Rogers,* for defendant in error.

Hamilton, P. J.   The action below was by plaintiff in error, Frank Scheerer, against the defendant in error to recover for injuries received in an accident occurring at a street crossing.

The plaintiff was in his automobile, and was going west on Fairfax avenue to Woodburn avenue, in the city of Cincinnati, and drove slowly across the street car track on Woodburn avenue to make the turn to go down toward the city on Woodburn avenue.   On arriving at the north-bound track of the street-car company on Woodburn avenue, his automobile was struck about the middle thereof by a street-car of the company.   The evidence tended to show that before driving on the street he looked both ways; that there was an automobile directly in front of him and a street-car had just passed, going toward the city; that it was a wet, dark morning and the streets were slippery; that the speed of the street- car was approximately about fifteen miles

an hour; and that it struck the automobile carrying it a distance variously estimated by witnesses at from fifteen to fifty feet. The testimony further tended to show that no gong or warning was given; that the first plaintiff in error saw of the car was when it was right on him; and that he had no time to do anything, was knocked unconscious and remembers nothing further of the accident.

The evidence showed serious personal injuries in addition to the injuries to the automobile.

At the conclusion of plaintiff's evidence the defendant moved that the jury be instructed to return a verdict for defendant, which motion was sustained, a verdict returned accordingly, and judgment rendered in favor of the defendant.

The first question for determination is. Was there a scintilla of evidence to carry the case to the jury under the decision in the case of *Gibbs* v. *Village of Girard*, 88 Ohio St., 34. The second proposition argued by counsel for defendant in error is that the evidence of plaintiff raised the presumption of contributory negligence, which presumption was not removed. Under the facts of the case it cannot be said as a matter of law that the evidence of the plaintiff raised the presumption of contributory negligence. It is argued that had the plaintiff looked, he could have seen the car for more than a square away, as there was no obstruction to the view coming onto Woodburn avenue out of Fairfax avenue. Unless the omission to look on the part of the plaintiff can be considered as contributory negligence the case should have gone to the jury. On this point the supreme court in the case of *Steubenville & Wheeling Traction Company* v. *Brandon, Admr.*, 87 Ohio St., 187, says at page 194:

"Nor will a failure be regarded as negligence * * * under all the circumstances * * * the question of negligence and contributory negligence being a mixed question of law and fact to be decided by the jury unless the circumstances of the case admit of no rational inference but that of negligence. The effect of the entire holding is that the omission to look is not negligence in all cases and *as matter of law,* * * *."

The court further says in the *Steubenville case,* at page 193:

"Furthermore the duty is imposed on the company to so operate its cars as to keep them under control at street crossings in order thereby, so far as may be, to avoid injury to those first reaching the crossing and exercising their right to cross."

We do not find that the facts in this case justify holding plaintiff in error guilty of contributory negligence as a matter of law, and under the authority of *Traction Company* v. *Brandon, supra,* and *Gibbs* v. *Village of Girard, supra,* the case should have first been submitted to the jury.

The judgment will be reversed and the cause remanded for a new trial.

*Judgment reversed, and cause remanded.*

CUSHING and BUCHWALTER, JJ., concur.