NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 18-3192

_____

LOUIS PIERCE

v.

ADMINISTRATOR NEW JERSEY STATE PRISON;
ATTORNEY GENERAL NEW JERSEY,

Appellants

_____

Appeal from the United States District Court
for the District of New Jersey
(D.C. Civil Action No. 3-11-cv-05265)
District Judge: Honorable Freda L. Wolfson

_____

Submitted under Third Circuit LAR 34.1(a)
On December 10, 2019

Before: RESTREPO, ROTH and FISHER, Circuit Judges

(Opinion filed April 8, 2020)

_____

OPINION[*]

_____

ROTH, Circuit Judge

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

A New Jersey jury convicted Louis Pierce in state court of charges arising from a shooting in Camden, New Jersey. Pierce brings this petition for habeas corpus under 28 U.S.C. § 2254 alleging ineffective assistance of trial counsel. The District Court granted the petition and vacated Pierce's conviction. We will affirm the District Court's judgment and grant Pierce's habeas petition.

## I. FACTS

On November 5, 1996, Mike Rozier and Bart Merriel stopped at a gathering in Camden where people were drinking and snorting cocaine. A little after midnight, Rozier and Merriel were leaving when someone shot them. About one year later, Rozier identified Pierce as the shooter from two photo arrays.

At trial, Rozier's testimony was the only evidence against Pierce. Two eyewitnesses testified that Pierce was not the shooter. Pierce's girlfriend testified that on November 5, like other nights, she and Pierce took the train from Camden and arrived in Philadelphia by 8:30 pm. She recalled being with Pierce the next morning when they first heard about the shooting on a 5:30 am news report. The state introduced evidence that the shooting was not reported until 5:00 pm. During the charging conference, Pierce expressed that he "was considering testifying,"[1] and the trial judge informed him it was "[t]oo late now."[2]

Pierce was convicted, and his conviction and sentence were affirmed on direct appeal. He then petitioned for post-conviction relief (PCR), alleging that his counsel was

---

[1] App. at 331.
[2] *Id.*

ineffective for failing to explain to him the process for testifying. The state PCR courts denied Pierce's petition. Pierce then petitioned for a writ of habeas corpus. The District Court held an evidentiary hearing and granted Pierce's petition. The state appealed, arguing that the District Court abused its discretion in granting an evidentiary hearing and erred in granting Pierce's habeas petition.

## II. DISCUSSION

We review "a district court's grant of habeas corpus" de novo.[3] Because the state courts adjudicated Pierce's claims, we apply the deferential Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) standard.[4] Under AEDPA, a petition for a writ of habeas corpus can be granted only if the state court adjudication:

(1) Resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

(2) Resulted in a decision that was based on an unreasonable determination of the facts . . ..[5]

Pierce argues that the PCR courts unreasonably applied *Strickland v. Washington*[6] and made unreasonable determinations of fact. The state argues that the District Court abused its discretion in granting Pierce an evidentiary hearing and then failed to appropriately defer to the state courts in granting Pierce's habeas petition.

A. <u>The District Court did not abuse its discretion in granting Pierce an evidentiary hearing.</u>

---

[3] *Rolan v. Vaughn*, 445 F.3d 671, 677 (3d Cir. 2006).
[4] *Harrington v. Richter*, 562 U.S. 86, 97–98 (2011) (citing 28 U.S.C. § 2254(d)).
[5] 28 U.S.C. § 2254(d)(1)–(2).
[6] 466 U.S. 668 (1984).

3

We review a district court's decision to hold an evidentiary hearing for abuse of discretion.[7] A district court has discretion to grant an evidentiary hearing so long as the petitioner has diligently "develop[ed] the factual basis of a claim in state court proceedings."[8] Diligence requires that the petitioner have sought "an evidentiary hearing in state court in the manner prescribed by state law."[9] An evidentiary hearing in New Jersey is warranted where a petitioner "has presented a *prima facie* claim in support of post-conviction relief."[10] Despite this discretion, "a court should be reluctant to convene an evidentiary hearing to explore the claims of a petitioner whose pleadings are factually insufficient to suggest any entitlement to habeas relief," or are contradicted by the record.[11] And "bald assertions and conclusory allegations do not afford a sufficient ground for an evidentiary hearing."[12] Ineffective assistance of counsel claims are "more likely to require an evidentiary hearing because the facts often lie outside the trial record and because the attorney's testimony may be required."[13]

---

[7] *Morris v. Beard*, 633 F.3d 185, 193 (3d Cir. 2011).

[8] *Id.* (quoting 28 U.S.C. § 2254(e)(2)).

[9] *Williams v. Taylor*, 529 U.S. 420, 437 (2000).

[10] *State v. Goodwin*, 803 A.2d 102, 110 (N.J. 2002) (citing *State v. Preciose*, 609 A.2d 1280, 1286 (N.J. 1992)).

[11] *Palmer v. Hendricks*, 592 F.3d 386, 393 (3d Cir. 2010) (citing *Schriro v. Landrigan*, 550 U.S. 465, 474 (2007)).

[12] *Mayberry v. Petsock*, 821 F.2d 179, 185 (3d Cir. 1987); *see also Palmer*, 592 F.3d at 395 (rejecting claim that district court was required to hold evidentiary hearing where petitioner included only that he wanted "to tell his side of the story" and provided "conclusory invocation of the words 'self-defense'").

[13] *Preciose*, 609 A.2d at 1286.

Pierce was diligent in developing the factual record in state court. He requested an evidentiary hearing, and his request was denied.[14] He submitted an affidavit stating that his counsel ignored his requests to testify and that he wished "to allow the jury to know [he had] no violence in [his] past."[15] This is enough to show diligence, and the District Court could have found that Pierce presented a *prima facie* case of ineffective assistance of counsel under *Strickland* sufficient to justify an evidentiary hearing. The District Court did not abuse its discretion in granting Pierce a hearing.

B. Pierce was denied effective assistance of counsel.

Pierce claims ineffective assistance of counsel under *Strickland*. A claim of ineffective assistance of counsel requires showing first "that counsel's performance was deficient," and second, that the deficiency "prejudiced the defense."[16] Prejudice, in turn, requires "show[ing] that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different."[17] When a defendant bringing a habeas petition under § 2254 alleges ineffective assistance of counsel, we ask "'whether the state court's application of the *Strickland* standard was unreasonable,' which 'is different from asking whether defense counsel's performance fell below *Strickland*'s standard.'"[18] In doing so, we look to the last reasoned decision of the state court—here, the opinion of the Appellate Division of the Superior Court of New

---

[14] See *Thomas v. Horn*, 570 F.3d 105, 125–26 (3d Cir. 2009).
[15] App. 509.
[16] *Strickland*, 466 U.S. at 687.
[17] *Id.* at 694.
[18] *Grant v. Lockett*, 709 F.3d 224, 232 (3d Cir. 2013) (quoting *Harrington*, 562 U.S. at 101).

5

Jersey.[19]  The Appellate Division assumed deficient performance and then determined that Pierce could not show prejudice.

The Appellate Division made two errors in evaluating Pierce's petition.  First, the Appellate Division determined that Pierce did not "specify what he would have said in his testimony."[20]  But Pierce's affidavit mentioned that he wanted to testify that he had no history of violence, and his PCR counsel told the PCR court that he would have testified as to his alibi.  The Appellate Division made no mention of these facts, and therefore its factual findings were "objectively unreasonable in light of the evidence presented in the state-court proceeding."[21]

Second, when assessing Pierce's claim of prejudice, the Appellate Division stated that Pierce "had the burden to establish that the result of the proceeding would have been different had he testified."[22]  As the District Court observed, that standard required Pierce to prove more than what *Strickland* requires.  *Strickland* requires only a "*reasonable probability* that . . . the result of the proceeding would have been different."[23]  Requiring a petitioner to show "by a preponderance of the evidence that the result of his criminal proceeding would have been different, . . . would be 'diametrically different,' 'opposite in

---

[19] *Wilson v. Sellers*, 138 S. Ct. 1188, 1192 (2018).  The New Jersey Supreme Court denied review in an unreasoned decision.  *See State v. Pierce*, 13 A.3d 1290 (N.J. 2011). Although the District Court also examined the reasoning of the PCR trial court, we find no reason to do so as the Appellate Division supplied its own analysis.
[20] App. 546.
[21] *Dennis v. Sec'y, Pa. Dept of Corr.*, 834 F.3d 263, 281 (3d Cir. 2016) (en banc) (quoting *Miller-El v. Cockrell*, 537 U.S. 322, 340 (2003)).
[22] App. 546.
[23] *Strickland*, 466 U.S. at 694 (emphasis added).

character or nature,' and 'mutually opposed' to our clearly established precedent" in *Strickland* and therefore contrary to clearly established federal law.[24]

Having determined that the state PCR court's decision was contrary to and an unreasonable application of clearly established federal law, we proceed to review Pierce's ineffective assistance of counsel claims de novo.[25] We review the District Court's factual findings following an "evidentiary hearing for clear error."[26]

Following the evidentiary hearing, the District Court found that Pierce's counsel "failed to discuss with [him] his right to testify"[27] and that Pierce misunderstood the process for testifying. Had he been allowed to do so, the District Court found that Pierce would have "take[n] the stand in his own defense and that he would have testified even if [it] meant all his prior convictions would be admitted."[28] Additionally, Pierce testified before the District Court that he would have told the jury that he never met Rozier, did not know him, and did not shoot him. Pierce said that he was infrequently in Camden during the four or five years Rozier claims to have met Pierce—he lived out of state, or in another town in New Jersey, or was incarcerated for much of that time. He additionally corroborated his girlfriend's testimony that he usually met her in Camden and would return to Philadelphia in the early evening. We find no error in these factual findings.

---

[24] *Williams v. Taylor*, 529 U.S. 362, 406 (2000).
[25] *See Panetti v. Quarterman*, 551 U.S. 930, 953–54 (2007); *Branch v. Sweeney*, 758 F.3d 226, 233 (3d Cir. 2014).
[26] *Morris*, 633 F.3d at 193.
[27] App. 57.
[28] App. 59.

Pierce has shown that counsel's performance was deficient. Counsel's performance was deficient if "counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment."[29] Failure to discuss with a defendant his right to testify and inform him of the process of doing so—as counsel failed to do here—does not meet the standard of "reasonably effective assistance."[30] Therefore, counsel's performance was deficient.

Counsel's deficiency prejudiced Pierce's defense. We evaluate prejudice "in light of the totality of the evidence at trial"[31] to determine whether "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different."[32] "[A] verdict or conclusion only weakly supported by the record is more likely to have been affected by errors than one with overwhelming record support."[33] Here, the state's case came down to Rozier's identification of Pierce as the shooter. That being the only evidence supporting his conviction, there is a reasonable probability that, had Pierce taken the stand and testified as to his alibi, the result would have been different. After all, "the most important witness for the defense in many

---

[29] *Strickland*, 466 U.S. at 687.
[30] *Id.*; *see also United States v. Leggett*, 162 F.3d 237, 249 n.12 (3d Cir. 1998) (acknowledging that an ineffective assistance of counsel claim "would at least be colorable if [counsel] had kept him from testifying against his will"); *United States v. Teague*, 953 F.2d 1525, 1534 (11th Cir. 1992) (giving as one example of deficient conduct that "defense counsel never informed the defendant of the right to testify, and that the ultimate decision belongs to the defendant").
[31] *Rolan*, 445 F.3d at 682.
[32] *Strickland*, 466 U.S. at 694.
[33] *Id.* at 696.

8

criminal cases is the defendant himself."[34]  Therefore, Pierce was prejudiced by counsel's deficiency.

## III.  CONCLUSION

For the foregoing reasons, we will affirm the District Court's grant of Pierce's petition for a writ of habeas corpus.

---

[34] *Rock v. Arkansas*, 483 U.S. 44, 52 (1987).